FILED - USDC -NH
2024 APR 8 AM 11:18

---

# MOTION FOR SUMMARY JUDGMENT,
## IN THE UNITED STATES DISTRICT COURT OF THE STATE OF NEW HAMPSHIRE

| |
|---|
| Randall Collier, |
| Plaintiff, |
| v. |
| Judge James M. Carrol, |
| Judge Michael Garner, |
| N.H. J.C.C., |
| Defendant(s) |

**MOTION FOR SUMMARY JUDGMENT:**
**Regarding "Docket Number: 1:24-cv-00015", (D.N.H.), Collier v. Carrol:**
**https://www.courtlistener.com/docket/68181202/1/collier-v-carrol/. Regarding Case Number 650-2013-DV-00016 and Case Number 650-2013-DM- 00010**

---

   **As stated in Federal Rules of Civil Procedure, "Rule 56, Summary Judgment": "...**
(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
...A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: ...
...A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
...The court need consider only the cited materials, but it may consider other materials in the record.
...If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.
...". https://www.law.cornell.edu/rules/frcp/rule_56

   **Furthermore, Federal Rules of Civil Procedure state: "Rule 12, Defenses and Objections:** When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing":
"(1) In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
   (A) A defendant must serve an answer:
   (i) within 21 days after being served with the summons and complaint; or
   (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.
   (B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.
..." https://www.law.cornell.edu/rules/frcp/rule_12

   In this case, this Plaintiff (Randall Collier) was required to "serve" notice to Defendants, despite the fact a "Waiver Issued" on Feb 7, 2024 (which states these 21 and 60 day requirements under FRCP Rule 12), and there was a "Waiver of Service Executed" on Feb 7, 2024 also.  Therefore, it may be that the "Defendants" in this case have lost their chance to respond due to this Plaintiff having been required (instructed by this Court) to "Serve" notice to "Defendant(s)", therefore causing that 21 day time limit for "Defendant(s)" to respond to be the

applicable one in this case now, instead of the 60 days, which we calculate runs out on Monday the 8th of April (actually the day before but that is a Sunday when this United States District Court is closed), based upon the filing of the document: "Attorney Appearance", on "Feb 7, 2024" (Plus that one day due to April 7 falling on a Sunday). Here is a link to that Feb.7 doc "Waiver of Service Executed" which states these time limits:
**https://www.courtlistener.com/docket/68181202/6/collier-v-carrol/**

So in conclusion, since there has been no response filed by Defendant(s) or any attempt made to dispute or disprove the Claims of this Plaintiff in this United States District Court Civil Complaint, this Plaintiff hereby motions this Court to order "summary judgment" in favor of this Plaintiff, as requested in the Civil Complaint filed here in this case. HOWEVER, if the "Defendant(s)" in this case DO file anything with this court properly disputing any of this Plaintiffs claims in said Civil Complaint, this Plaintiff does intend to respond back and dispute or disprove any of their claims, counter-claims, etc., and ultimately obtain Judgment in his favor as demanded in said Civil Complaint for this case.

Thank you, and to the Judge in this case, and please do consider this motion carefully, and order in this "Plaintiff's" favor as requested herein, according to "fundamental principles" of "common law" and "the supreme Law of the Land" as outlined in said Civil Complaint for this Case, and in the best "interests of Justice". Please and Thank you.

### SIGNATURE, STATEMENT OF TRUTH, NOTARY SECTION:

I hereby declare under penalty of perjury the foregoing is true to the best of my knowledge,

*[signature]* Randall S. Collier    4-5-24
[Signature, Printed Name of Claimant, Date Signed]

### NOTARY STAMP & SIGNATURE, ACKNOWLEDGMENT:

Subscribed and affirmed to before me, Lydia Hurley                    , a Notary Public, this 5 day of April, 2024, that the above-named man/woman did appear before me, and proved to be the man/woman executing this document.

Notary Public Signature, Printed Name, and Stamp:

*[signature]* Hurley   Lydia Hurley

Lydia Hurley
NOTARY PUBLIC
State of New Hampshire
My Commission Expires 5/31/2028

My commission expires: 5/31/28

Collier
56 Joslin Rd
Derry NH
03431(?)

US District Court
55 Pleasant Street #110
Concord, NH
03301

MANCHESTER NH 030
5 APR 2024 PM 3

FOREVER / USA