UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

***************************************
Randall S. Collier,                    *
                                       *
        Plaintiff,                     *
    v.                                 *   Case No. 1:24-CV-00015-JL-AJ
                                       *
James M. Carroll, et al.,              *
                                       *
        Defendants.                    *
                                       *
***************************************

# THE JUDICIAL DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION TO DISMISS

In May 2022, plaintiff Randall S. Collier, pro se, filed an action in this Court against defendants Hon. James Carroll, Hon. Michael Garner, and the New Hampshire Judicial Conduct Committee (collectively, the "Judicial Defendants"), through which he sought to challenge judicial decisions rendered in a family dispute adjudicated by New Hampshire's Circuit Court. The Judicial Defendants moved to dismiss that action on the basis that it: (1) failed to invoke the Court's subject matter jurisdiction; (2) was barred by Eleventh Amendment and judicial immunity; and (3) otherwise failed to state a plausible claim upon which relief could be granted. See EXHIBIT A.  By order of January 31, 2023, the Court (McCafferty, J.) granted the Judicial Defendants' motion to dismiss on the grounds that the Court lacked subject matter jurisdiction under the Rooker-Feldman doctrine.  See EXHIBIT B (order); EXHIBIT C (judgment).

Notwithstanding the entry of judgment in his prior action, Mr. Collier seeks through this new action to challenge the same judicial decisions rendered in the same family dispute adjudicated by the same New Hampshire Circuit Court judicial officials.  See ECF No. 1 at 5–11

¶¶ 19–48 (setting forth twelve "general claims" related to those state court adjudications); id. at 1 (containing handwritten docket number of Mr. Collier's prior action).

As he states in his new complaint, this new action is necessary in light of the dismissal of his prior federal action because now "this court may be liable . . . unless this Judge can explain on the public record why these alleged [constitutional violations] are incorrect" and "why said previous court orders are not 'unconstitutional' and thus 'unlawful.'"  ECF No. 1 at 2 ¶ 8. According to Mr. Collier, "by neither stopping the allegedly and clearly unlawful previous court orders, nor explaining why the allegations of being unconstitutional are incorrect, then this judge [in either this or his prior federal action] could become complicit and liable in the same unlawful acts (and possibly other civil and/or criminal charges, etc.)[.]"  Id.

For the reasons stated in the Judicial Defendants' motion to dismiss Mr. Collier's prior action against the Judicial Defendants, all of which are fully incorporated herein and reproduced below, see EXHIBIT A, this new action should be dismissed as well.

## ARGUMENT

### I. The complaint against the Judicial Defendants does not invoke the Court's subject matter jurisdiction and should therefore be dismissed pursuant to Rule 12(b)(1)

#### a. Lack of Diversity and Federal Question Jurisdiction

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  Accordingly, "[a] cause of action may be maintained in federal court only if it involves a question of federal law, or if the controversy is between citizens of different states and the amount in controversy

exceeds $75,000." Hall v. Curran, 599 F.3d 70, 71 (1st Cir. 2010) (citing 28 U.S.C. §§ 1331 ("Section 1331"), 1332 ("Section 1332")).  Neither basis for jurisdiction exists here.

For one, aside from Mr. Collier not asserting that jurisdiction exists under Section 1332 based on diversity of the parties, his complaint forecloses the possibility that such jurisdiction exists.  Specifically, "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff," Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original), and Plaintiff has identified himself as a citizen of New Hampshire while also naming the Judicial Defendants as defendants, see ECF Doc. No. 1 at ¶¶ 1-5. Thus, the "complete diversity" required for jurisdiction to exist under Section 1332 is absent here.  See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 662 F.3d 124, 126 (1st Cir. 2011).

Plaintiff's complaint also fails to invoke the Court's jurisdiction under Section 1331, which grants the Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  In substance, Mr. Collier's action as pleaded against the Judicial Defendants arises exclusively under state law.  This is evident throughout the Plaintiff's complaint. See e.g., ECF Doc. No. 1 at ¶¶ 20 (referring to the "requirements in the relevant New Hampshire State Law"), 32 (referring to "this N.H. State law is from 'TITLE XII: PUBLIC SAFETY AND WELFARE' which "Includes Chapters 153 – 174', not the 'Criminal Code' here: 'TITLE LXII: CRIMINAL CODE' which 'Includes Chapters 625 – 651-F', therefore making this a 'colorable law' 'to the Contrary' of 'the supreme Law'"); 33 (similarly referring to "N.H. Law," "State law," and N.H. State law"); 41 (appearing to set forth claim based on "best interests of the child" standard set forth in state law).

While Mr. Collier casts reference to various federal laws and constitutional provisions throughout his complaint, these mere references are not sufficient to confer Section 1331 jurisdiction when measured against the substance of his pleading.  Cf. Wall v. Tanner Clinic, Case No. 1:16-cv-046, 2017 WL 3327644, at *1 (D. Utah Jan. 18, 2017) ("Plaintiffs broad references to due process, the 5th and 14th Amendments in the U.S. Constitution . . . are insufficient and do not establish subject matter jurisdiction."); Segen v. Buchanan General Hosp., Inc., 552 F. Supp. 2d 579, 584 (W.D. Va. 2007) ("[A]n ambiguous reference to 'due process rights' within the Complaint is not sufficient to state a due process claim over which this court may exercise subject matter jurisdiction.").

As the United States Supreme Court has recognized, "[a] claim invoking federal-question jurisdiction under [Section 1331] . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682–683 (1946)).  Accordingly, when a purported federal claim is "so insubstantial, implausible, foreclosed by prior decision of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy," the claim fails to confer subject matter jurisdiction under Section 1331.  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998).  If Mr. Collier's complaint makes anything clear, it is that he is seeking relief for purported violations of rights under New Hampshire law, not for violations of federal law.

Even if Mr. Collier's claims for relief against the Judicial Defendants did arise under federal law, they would still be jurisdictionally barred by the Rooker-Feldman doctrine, judicial immunity, and sovereign immunity under the Eleventh Amendment.

b. Rooker-Feldman Doctrine

Generally speaking, the Rooker-Feldman doctrine prevents a losing party in state court (like Mr. Collier) from seeking subsequent federal court review of that state court judgment by asserting that the state court judgment violated the loser's federally-protected rights. Maravelias v. Coughlin, No. 19-CV-143-SM-SM, 2019 WL 5698703, at *3 (D.N.H. Nov. 4, 2019), aff'd on other grounds, No. 19-2244, 2021 WL 2229817 (1st Cir. Apr. 23, 2021) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) ("The Rooker–Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Review of such state-court judgments can only be obtained in the United States Supreme Court. See Feldman, 460 U.S. at 476; see generally 28 U.S.C. § 1257.

Here, like in Maravelias (and like Mr. Collier's prior federal lawsuit against the Judicial Defendants), Mr. Collier's lawsuit is an effort to invalidate the family court orders, which Mr. Collier would have had the opportunity to appeal to the New Hampshire Supreme Court before instituting this action. Indeed, his prayer for relief makes that clear. See ECF No. 1 at 15 (requesting that this Court "help negotiate a new equal 'parenting plan', according to the actual best interests of the Child (T.C.) and actual evidence and 'Law of the Land', instead of just opinion s and hearsay and unconstitutional 'colorable laws' as the Couts have done in this case up to this point" and asking for damages "due to incompetence of the Judge(s) and Court(s) to fulfill their duty"). Under the Rooker-Feldman doctrine, this court lacks subject matter

jurisdiction to entertain Mr. Collier's claims, since doing so would require a review of a final judgment of, inter alia, the parenting plan and the related judicial orders – such as the domestic violence restraining order, the charge of criminal threatening, and the charge of harassment. See Maravelias, 2019 WL 5698703, at *3(citing Exxon Mobil Corp., 544 U.S. 280; Sinapi v. R.I. Bd. of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018); Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 64-65 (1st Cir. 2018); McKenna v. Curtin, 869 F.3d 44, 47-48 (1st Cir. 2017); and Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009)).

        c.   Judicial Immunity

It is black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions. Goldstein v. Galvin, 719 F.3d 16, 25 (1st Cir. 2013); see also Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) (providing, "[a] primer on judicial immunity."). Judicial immunity is overcome only in cases where a judge is carrying out a nonjudicial action, or in instances where a judge takes an action that, though seemingly "judicial in nature," is "in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Summarily, "the relevant inquiry is the 'nature' and 'function' of the act, not the act itself." Id. at 13.

Here, Mr. Collier fails to overcome judicial immunity. Just as before, the sole purpose behind his new complaint is to challenge the valid orders of the Judicial Defendants. There is not a single allegation within Mr. Collier's complaint lending to even an inference that the Judicial Defendants conducted "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" or that the Judicial Defendants acted "in complete absence of all jurisdiction." Mireles 502 U.S. at 11. As such, the claims against the Judicial Defendants must be dismissed.

The claims are also barred by the Eleventh Amendment. "The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984). And while the Supreme Court has held that suits for prospective injunctive against state officials are not barred by the Eleventh Amendment, see id. at 102–103 (discussing Ex parte Young, 209 U.S. 123 (1908), and Edelman v. Jordan, 415 U.S. 651 (1974)), Mr. Collier is not seeking prospective relief against the Judicial Defendants here. Instead, he demands retrospective relief from judicial orders already issued in the family court action, along with monetary relief as a result of said orders. Accordingly, the Eleventh Amendment bars Mr. Collier's suit as it relates to the relief he seeks against the Judicial Defendants.

Moreover, Congress has declared that state judicial officers enjoy judicial immunity against the injunctive relief Mr. Collier demands against Judge Carrol and Judge Garner. Specifically, after the Supreme Court ruled in 1986 that judicial immunity did not bar Section 1983 claims for prospective injunctive relief against judicial officers, see Pulliam v. Allen, 466 U.S. 522, 542 (1984), Congress amended Section 1983 to state that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (underline added); accord Adames v. Fagundo, 198 Fed. Appx. 20, 22 (1st Cir. Sept. 14, 2006) ("While Pulliam did hold that judicial immunity was not a bar to claims for injunctive or declaratory relief under section 1983, [ ] that case was superseded by statute in 1996."); Nollet v. Justices of Trial Court of Com. of Mass., 83 F. Supp. 2d 204, 210 (D. Mass. 2000) (recognizing that "in 1996 Congress passed the Federal Courts Improvement Act . . . which legislatively reversed Pulliam in several important respects."). Mr. Collier's

complaint provides no plausible basis to believe that either narrow exception to the judicial immunity conferred by Section 1983 is applicable here. Thus, Mr. Collier's complaint against Judge Carrol and Judge Garner is also jurisdictionally barred by judicial immunity.

**II. Mr. Collier's complaint fails to state a claim upon which relief may be granted against the Judicial Conduct Committee and should therefore be dismissed pursuant to Rule 12(b)(6)**

Finally, even if Mr. Collier's action against the Judicial Conduct Committee did not suffer from any of the foregoing immunities or defects, Mr. Collier would still not be entitled to the relief he seeks because he has failed to state a claim upon which relief may be granted. Specifically, and as stated earlier, there are no claims brought forth directly against the Judicial Conduct Committee. Mr. Collier solely alleges that the Judicial Conduct Committee "may" be a defendant because it denied complaints he submitted. See ECF Doc. No. 1 at 2 ¶ 4 (asserting that "Defendant(s) may also include New Hampshire Judicial Conduct Committee for failing their duty to act properly in response to Three (3) Judicial Conduct Complaints") (emphasis added). In wholly conclusory terms, Mr. Collier asserts that the denial "seems clearly due to a 'conflict of interest.'" No other facts are pled against the Judicial Conduct Committee and thus any claim against it, if any, must be dismissed with prejudice. See Lilley v. Dancy, 5:16-cv-192-FDW, 2017 U.S. Dist. LEXIS 107790, at *3 (W.D.N.C. July 12, 2017) (denying motion for recusal because "Plaintiff's conclusory allegations of bias and conflict of interest wholly fail to allege facts supporting a showing of bias").

**CONCLUSION**

In summary, the Court must dismiss this new action pursuant to Rule 12(b)(1) because Mr. Collier again fails to invoke this Court's subject matter jurisdiction. The action should also

be dismissed pursuant to Rule 12(b)(6) because Mr. Collier has failed to state a claim upon which the relief Mr. Collier seeks may be granted.

                          Respectfully submitted,

                          HON. JAMES CARROLL, HON. MICHAEL GARNER, and THE NEW HAMPSHIRE JUDICIAL CONDUCT COMMITTEE

                          By their attorney,

                          JOHN M. FORMELLA
                          ATTORNEY GENERAL

Dated: April 10, 2024          By: /s/ Nathan W. Kenison-Marvin
                          Nathan W. Kenison-Marvin, Bar No. 270162
                          Assistant Attorney General
                          Civil Bureau
                          Office of the Attorney General
                          New Hampshire Department of Justice
                          33 Capitol Street
                          Concord, NH 03301-6397
                          (603) 271-3650
                          nathan.w.kenison-marvin@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on April 10, 2024, to all parties of record.

                          /s/ Nathan W. Kenison-Marvin
                          Nathan W. Kenison-Marvin