# EXHIBIT A

**The Judicial Defendants' Motion to Dismiss & Supporting Memorandum of Law in <u>Randall S. Collier v. James M. Carroll, et al.</u>, Case No. 22-cv-00162-LM**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Randall S. Collier, <br><br> Plaintiff, <br> v. <br><br> James M. Carroll, et al., <br><br> Defendants. | Case No. 22-cv-00162-LM |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## THE JUDICIAL DEFENDANTS' MOTION TO DISMISS

Defendants, Hon. James Carroll, Hon. Michael Garner, and the New Hampshire Judicial Conduct Committee (collectively, the "Judicial Defendants"), by and through the New Hampshire Office of the Attorney General as counsel, hereby move to dismiss plaintiff Randall S. Collier's complaint to the extent it asserts claims for relief against them.

The Court should dismiss Plaintiff's complaint against the Judicial Defendants pursuant to Civil Rule 12(b)(1) because it fails to invoke this Court's subject matter jurisdiction. Additionally, or in the alternative, dismissal should be granted pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted against the Judicial Defendants. This motion is accompanied by a supporting memorandum of law. See L.R. 7.1(a)(2).

WHEREFORE, the Judicial Defendants respectfully request that the Court:

A. Dismiss Plaintiff's claims against them in their entirety; and

B. Grant such further relief as is just and necessary.

[*intentionally left blank*]

- 2 -

        Respectfully submitted,

        HON. JAMES CARROLL, HON. MICHAEL
        GARNER, and THE NEW HAMPSHIRE
        JUDICIAL CONDUCT COMMITTEE

        By their attorney,

        JOHN M. FORMELLA
        ATTORNEY GENERAL

Dated: October 24, 2022

        By: */s/ Brandon F. Chase*
        Brandon F. Chase, Bar No. 270844
        Assistant Attorney General
        Nathan W. Kenison-Marvin, Bar No. 270162
        Assistant Attorney General
        Civil Bureau
        Office of the Attorney General
        New Hampshire Department of Justice
        33 Capitol Street
        Concord, NH 03301-6397
        (603) 271-3650
        brandon.f.chase@doj.nh.gov
        nathan.w.kenison-marvin@doj.nh.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was sent by ECF on October 24, 2022, to all counsel and/or parties of record.

        By:    */s/ Brandon. F. Chase*
                    Brandon F. Chase

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
************************************
Randall S. Collier,                  *
                                     *
          Plaintiff,                 *
     v.                              *    Case No. 22-cv-00162-LM
                                     *
James M. Carroll, et al.,            *
                                     *
          Defendants.                *
                                     *
************************************
```

## THE JUDICIAL DEFENDANTS' MEMORDANDUM
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendants, Hon. James Carroll, Hon. Michael Garner, and the New Hampshire Judicial Conduct Committee (collectively, the "Judicial Defendants"), by and through the New Hampshire Office of the Attorney General as counsel, hereby move to dismiss the Plaintiff's complaint in its entirety. The Judicial Defendants state as follows in support of this motion:

Plaintiff Randall S. Collier, proceeding pro se, has filed this action against two judicial officials of the New Hampshire Family Court, 4th Circuit ("NH Family Court")—particularly, Judge James M. Carrol and Judge Michael Garner—and the Judicial Conduct Committee[1] (collectively, the "Judicial Defendants"), along with an individual defendant, Hillary May. In addition to $11,741,420.00 in damages, Plaintiff also seeks to have the "previous unconstitutional court order to be over-ruled, and a new equal 'parenting plan' be negotiated." See ECF Doc. No. 1 at ¶11. As fully explained below, Plaintiff's claims against the Judicial

---

[1] There is only one sentence relating to the Judicial Conduct Committee. The sole sentence states, "Defendant(s) may also include New Hampshire Judicial Conduct Committee for failing their duty to act properly in response to Three (3) Judicial Conduct Complaints in said N.H. Court Case(s): JC 20 031 G, JC 14 0313 G, JC 17 057 G[.]" See ECF. Doc. No. 1 at ¶5. No other allegations are made against the Judicial Conduct Committee. See gen. id.

Defendants should be dismissed in their entirety because: (1) this court lacks personal jurisdiction over the Judicial Defendants; (2) Plaintiff's claims against the judicial defendants are barred by Eleventh Amendment and judicial immunity; and (3) the complaint fails to state a claim against the judicial defendants upon which relief can be granted.

**I.  Background**

Plaintiff appears to be bringing this suit to challenge the findings of the Judicial Defendants in at least two orders made against him over nine years ago – a domestic violence protective order and "sole-decision making responsibility for the mother only" order in the case of In the Matter of Hillary May and Randall S. Collier (2013-DV-00016, 4th Circuit Court, District Division, Laconia, New Hampshire).  See ECF Doc. No. 1 at ¶3 and ¶6.  Plaintiff claims that these orders were "based upon allegations of domestic violence, abuse, harassment and/or threatening but without due process of law . . . . " (internal quotations and brackets omitted). See ECF Doc. No. 1 at ¶6.  Plaintiff also argues that certain charges that were brought against him during said hearing were improper and should be reversed.  See ECF Doc. No. 1 at ¶¶13-21. Specifically, Plaintiff alleges that he was charged with "Criminal Threatening just for an attempted stare down at the opposing Parties Counsel [sic]," see ECF Doc. No. 1 at ¶17 (internal quotations and brackets omitted), and was found "guilty of harassment contrary to evidence." See ECF Doc. No. 1 at ¶19.  Notably, Plaintiff also provides the NH Family Court's reasoning to both charges.[2]

---

[2] As for criminal threatening, Plaintiff includes a quote by Judge James M. Carrol in an order dated 2/4/2013, indicating that the "Petitioner's counsel as the counsel was at the podium and the Respondent stood within inches."  As for the harassment, Plaintiff includes another quote by Judge James Carrol, which states that "the Respondent's ongoing pattern of behavior reasonably has caused the Petitioner to fear for her safety and her wellbeing as well as the child's and creates a present credible threat to the Petitioner's safety."  See ECF. Doc. No. 1 at ¶21.

2

II. **Standard of Review**

Generally speaking, "[w]hen considering a motion to dismiss under Rule 12(b)(1), the Court should apply a standard of review 'similar to that accorded a dismissal for failure to state a claim' under Rule 12(b)(6)." Conservation Law Foundation, Inc. v. Pease Development Authority, Case No. 16-cv-493-SM, 2017 WL 4310997, at *1 (D.N.H. Sept. 26, 2018) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

As such, where (as here) a 12(b)(1) motion is based on the facial validity of the complaint rather than a dispute of fact, "[a] court's inquiry is largely the same under both rules: the well-pleaded facts must be taken as true and viewed in the light most favorable to the plaintiff, and all reasonable inferences from those facts must be drawn in the plaintiff's favor." Marasco & Nesselbush, LLP v. Collins, 6 F.4th 150, 166 (1st Cir. July 16, 2021); compare Pitroff v. United States, Case No. 16-cv-522-PB, 2017 WL 3614436, at *3 (D.N.H. Aug. 22, 2017) (explaining that "where the defendant has not challenged the predicate facts on which [the] plaintiff's jurisdictional claims are based, the court must assume the truth of the plaintiff's well-pleaded factual allegations and construe the claims in the light most favorable to the plaintiff, regardless of whether a motion to dismiss is based on Rule 12(b)(1) or Rule 12(b)(6)), with Marasco, 6 F.4th at 166 n.19 (explaining that "[a] key difference is that, if a Rule 12(b)(1) motion contests factual allegations of the complaint, the court must engage in judicial factfinding to resolve the merits of the jurisdictional claim").

The Court may consider certain matters beyond the pleadings without converting a motion to dismiss into a motion for summary judgment. See Lydon v. Local 103, Int'l Bhd. Of Elec. Worker, 770 F.3d 48, 53 (1st Cir. 2014); Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013). These matters include "documents the authenticity of which are not disputed by the

3

parties; official public records; documents central to plaintiffs' claim; and documents sufficiently referred to in the complaint." Freeman, 724 F.3d at 36 (internal ellipses and brackets omitted). Matters "susceptible to judicial notice" may also be considered in ruling on a motion to dismiss. Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008). Such matters include proceedings in other courts like the relevant underlying court action here. See Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.") (citations omitted).

**III. Argument**

**A. The Complaint against the Judicial Defendants does not invoke the Court's subject matter jurisdiction and should therefore be dismissed pursuant to Rule 12(b)(1)**

i. Lack of Diversity and Federal Question Jurisdiction

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). Accordingly, "[a] cause of action may be maintained in federal court only if it involves a question of federal law, or if the controversy is between citizens of different states and the amount in controversy exceeds $75,000." Hall v. Curran, 599 F.3d 70, 71 (1st Cir. 2010) (citing 28 U.S.C. §§ 1331 ("Section 1331"), 1332 ("Section 1332")). Neither basis for jurisdiction exists here.

For one, aside from Plaintiff not asserting that jurisdiction exists under Section 1332 based on diversity of the parties, his complaint forecloses the possibility that such jurisdiction exists. Specifically, "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff," Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original), and Plaintiff has identified himself as a citizen of New Hampshire while also naming the Judicial Defendants as defendants, see ECF Doc. No. 1 at ¶¶1-

4

5.  Thus, the "complete diversity" required for jurisdiction to exist under Section 1332 is absent here.  See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 662 F.3d 124, 126 (1st Cir. 2011).

Plaintiff's complaint also fails to invoke the Court's jurisdiction under Section 1331, which grants the Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  In substance, Plaintiff's action as pleaded against the Judicial Defendants arises exclusively under state law.  This is evident throughout the Plaintiff's complaint.  See e.g., ECF Doc. No. 1 at ¶13 ("For issuing and/or enforcing an unconstitutional [d]omestic [v]iolence [p]rotective [o]rder . . . despite the specific requirements in the relevant New Hampshire State law: Title XII, Chapter 173-B, "Protection of Persons from Domestic Violence." (internal quotation marks and brackets omitted)); see ECF Doc. No. 1 at ¶17 ("Deprivations of rights to due process of law by charging [Plaintiff] for [c]riminal [t]hreatening . . . without probable evidence . . . as required by . . . N.H. State Law RSA 631:4." (internal quotation marks and brackets omitted)).

While Plaintiff casts reference to various federal laws and constitutional provisions throughout his complaint, these mere references are not sufficient to confer Section 1331 jurisdiction when measured against the substance of Plaintiff's pleading.  Cf. Wall v. Tanner Clinic, Case No. 1:16-cv-046, 2017 WL 3327644, at *1 (D. Utah Jan. 18, 2017) ("Plaintiffs broad references to due process, the 5th and 14th Amendments in the U.S. Constitution . . . are insufficient and do not establish subject matter jurisdiction."); Segen v. Buchanan General Hosp., Inc., 552 F. Supp. 2d 579, 584 (W.D. Va. 2007) ("[A]n ambiguous reference to 'due process rights' within the Complaint is not sufficient to state a due process claim over which this court may exercise subject matter jurisdiction.").

5

As the United States Supreme Court has recognized, "[a] claim invoking federal-question jurisdiction under [Section 1331] . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682–683 (1946)). Accordingly, when a purported federal claim is "so insubstantial, implausible, foreclosed by prior decision of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy," the claim fails to confer subject matter jurisdiction under Section 1331. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998). If Plaintiff's complaint makes anything clear, it is that he is seeking relief for purported violations of his rights under New Hampshire law, not for violations of federal law.

Even if Plaintiff's claims for relief against the Judicial Defendants did arise under federal law, they would still be jurisdictionally barred by the Rooker-Feldman doctrine, judicial immunity, and sovereign immunity under the Eleventh Amendment.

      ii. Rooker-Feldman Doctrine

Generally speaking, the Rooker-Feldman doctrine prevents a losing party in state court - like Plaintiff - from seeking subsequent federal court review of that state court judgment by asserting that the state court judgment violated the loser's federally-protected rights. Maravelias v. Coughlin, No. 19-CV-143-SM-SM, 2019 WL 5698703, at *3 (D.N.H. Nov. 4, 2019), aff'd on other grounds, No. 19-2244, 2021 WL 2229817 (1st Cir. Apr. 23, 2021) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) ("The Rooker–Feldman doctrine, we hold today, is confined to cases

of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Review of such state-court judgments can only be obtained in the United States Supreme Court. See Feldman, 460 U.S. at 476; see generally 28 U.S.C. § 1257.

Here, like in Maravelias (supra), Plaintiff's lawsuit is an effort to invalidate the family court orders, which Plaintiff would have had the opportunity to appeal to the New Hampshire Supreme Court, before Plaintiff instituted this action. Indeed, his prayer for relief makes that clear. Under the Rooker-Feldman doctrine, this court lacks subject matter jurisdiction to entertain Plaintiff's claims, since doing so would require a review of a final judgment of, inter alia, the parenting plan and the related judicial orders – such as the domestic violence restraining order, the charge of criminal threatening, and the charge of harassment. See Maravelias, 2019 WL 5698703, at *3(citing Exxon Mobil Corp., 544 U.S. 280, Sinapi v. R.I. Bd. of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018); Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 64-65 (1st Cir. 2018); McKenna v. Curtin, 869 F.3d 44, 47-48 (1st Cir. 2017); Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009)).

    iii.   Judicial Immunity

It is black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions. Goldstein v. Galvin, 719 F.3d 16, 25 (1st Cir. 2013); see also Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) (providing, "[a] primer on judicial immunity."). Judicial immunity is overcome only in cases where a judge is carrying out a nonjudicial action, or in instances where a judge takes an action that, though seemingly "judicial in nature," is "in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S.

7

9, 11-12 (1991) (per curiam).  Summarily, "the relevant inquiry is the 'nature' and 'function' of the act, not the act itself." Id. at 13 (quoting Stump, 435 U.S. at 362).  Here, Plaintiff fails to overcome judicial immunity.  The sole purpose behind his complaint is to "over-rule[ ]" the valid orders of the Judicial Defendants.  There is not a single allegation within Plaintiff's complaint lending to even an inference that the Judicial Defendants conducted "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" or that the Judicial Defendants acted "in complete absence of all jurisdiction." Mireles 502 U.S. at 11.  As such, the claims against the Judicial Defendants must be dismissed.

The claims are also barred by the Eleventh Amendment.  "The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984).  And while the Supreme Court has held that suits for prospective injunctive against state officials are not barred by the Eleventh Amendment, see id. at 102–103 (discussing Ex parte Young, 209 U.S. 123 (1908), and Edelman v. Jordan, 415 U.S. 651 (1974)), Plaintiff is not seeking prospective relief against the Judicial Defendants here.  Instead, he demands retrospective relief from judicial orders already issued in the family court action, along with monetary relief as a result of said orders.  Accordingly, the Eleventh Amendment bars Plaintiff's suit as it relates to the relief he seeks against the Judicial Defendants.

Moreover, Congress has declared that state judicial officers enjoy judicial immunity against the injunctive relief Plaintiff demands against Judge Carrol and Judge Garner.  Specifically, after the Supreme Court ruled in 1986 that judicial immunity did not bar Section 1983 claims for prospective injunctive relief against judicial officers, see Pulliam v. Allen, 466 U.S. 522, 542 (1984), Congress amended Section 1983 to state that "in any action brought

8

against a judicial officer for an act or omission taken in such officer's judicial capacity, <u>injunctive relief shall not be granted</u> unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (underline added); <u>accord</u> <u>Adames v. Fagundo</u>, 198 Fed. Appx. 20, 22 (1st Cir. Sept. 14, 2006) ("While <u>Pulliam</u> did hold that judicial immunity was not a bar to claims for injunctive or declaratory relief under section 1983, [ ] that case was superseded by statute in 1996."); <u>Nollet v. Justices of Trial Court of Com. of Mass.</u>, 83 F. Supp. 2d 204, 210 (D. Mass. 2000) (recognizing that "in 1996 Congress passed the Federal Courts Improvement Act . . . which legislatively reversed <u>Pulliam</u> in several important respects."). Plaintiff's complaint provides no plausible basis to believe that either narrow exception to the judicial immunity conferred by Section 1983 is applicable here. Thus, Plaintiff's claim against Judge Carrol and Judge Garner is also jurisdictionally barred by judicial immunity.

## B. **Plaintiff's complaint fails to state a claim upon which relief may be granted against the Judicial Conduct Committee and should therefore be dismissed pursuant to Rule 12(b)(6)**

Finally, even if Plaintiff's action against the Judicial Conduct Committee did not suffer from any of the foregoing immunities or defects, Plaintiff would still not be entitled to the relief he seeks because this he has failed to state a claim upon which relief may be granted. Specifically, and as stated earlier, there are <u>no</u> claims brought forth directly against the Judicial Conduct Committee. Plaintiff solely alleges that the Judicial Conduct Committee "may" be a defendant for failing to act upon three judicial conduct complaints. <u>See</u> ECF Doc. No. 1 at ¶5. No other facts are pled against the Judicial Conduct Committee and thus any claim, if any, must be dismissed.

9

IV. **Conclusion**

In summary, the Court must dismiss Plaintiff's complaint against the Judicial Defendants pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. The complaint should also be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim upon which it would be proper for the Court to grant the relief Plaintiff seeks.

Respectfully submitted,

HON. JAMES CARROLL, HON. MICHAEL GARNER, and THE NEW HAMPSHIRE JUDICIAL CONDUCT COMMITTEE

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: October 24, 2022

By: */s/ Brandon F. Chase*
Brandon F. Chase, Bar No. 270844
Assistant Attorney General
Nathan W. Kenison-Marvin, Bar No. 270162
Assistant Attorney General
Civil Bureau
Office of the Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, NH 03301-6397
(603) 271-3650
brandon.f.chase@doj.nh.gov
nathan.w.kenison-marvin@doj.nh.gov

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was sent by ECF on October 24, 2022, to all counsel and/or parties of record.

                                              By:    */s/ Brandon F. Chase*
                                                              Brandon F. Chase