# EXHIBIT B

**Order granting the Judicial Defendants' Motion to Dismiss & Supporting Memorandum of Law in <u>Randall S. Collier v. James M. Carroll, et al.</u>, Case No. 22-cv-00162-LM**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Randall Collier

     v.                                                     Civil No. 22-cv-162-LM

James M. Carrol, et al.

## O R D E R

Plaintiff Randall Collier, pro se, brings this suit against Judge James M. Carrol, Judge Michael Garner, and the New Hampshire Judicial Conduct Committee.[1]  Collier alleges that, over the last several years, he has been involved in a domestic or family dispute adjudicated by New Hampshire state courts.  Collier contends that the state courts' decisions infringe on his rights under the United States and New Hampshire constitutions.  To remedy the alleged constitutional violations, Collier asks this court to vacate the state court's orders, to award him significant monetary relief, and to require an apology from defendants.

Defendants Judge Carrol, Judge Garner, and the New Hampshire Judicial Conduct Committee move (doc. no. 14) to dismiss Collier's suit for lack of jurisdiction.  They argue, among other grounds for dismissal, that Collier's complaint violates the Rooker-Feldman doctrine and is barred by judicial immunity.  In response, Collier attempts to clarify his complaint to specify the alleged constitutional violations more clearly.  The court considered those clarifications in making this ruling.  Defendants' motion is granted.

---

[1] Collier voluntarily dismissed a fourth defendant, Hillary May.

Under what is known as the <u>Rooker</u>-<u>Feldman</u>[2] doctrine, a federal district court has no jurisdiction to vacate or declare unconstitutional a state court's prior decisions on domestic or family disputes.  <u>See, e.g.</u>, Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that <u>Rooker</u>-<u>Feldman</u> doctrine bars litigants who lose in state court from "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); Tyler v. Supreme Judicial Court of Mass., 914 F.3d 47, 50 (1st Cir. 2019) (finding no jurisdiction when plaintiff's suit in federal district court was brought in attempt to circumvent state court's adjudication of her family law dispute).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment."  <u>See</u> Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999).

Collier's suit is, in essence, an appeal from a state-court judgment.  All of the relief he requests demands a predicate finding that the state court's rulings were incorrect.  Since the entirety of the relief requested by Collier in this federal suit is predicated on a finding that a state court's prior orders and judgments were wrong, the court lacks subject matter jurisdiction.  <u>See</u> id.  In other words, this court lacks

---

[2] <u>See</u> Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

authority to do what Collier asks.  Accordingly, defendants' motion to dismiss (doc.

no. 14) is granted, and this case is dismissed.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 31, 2023

cc:    Counsel of Record

3