UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Randall S. Collier</u>

    v.                                               No. 24-cv-15-JL-AJ

<u>James S. Carroll, et al.</u>

**<u>REPORT AND RECOMMENDATION</u>**

Self-represented plaintiff Randall S. Collier has sued New Hampshire state court Judges James Carroll and Michael Garner, and the New Hampshire Judicial Conduct Committee ("JCC"). Mr. Collier alleges that the defendants, individually or collectively, committed various torts and Constitutional violations against him during the pendency of a state court domestic relations matter involving Mr. Collier and his family. The defendants have filed a motion to dismiss, (Doc. No. 11), to which Mr. Collier has objected (Doc. No. 12).[1] The defendants' motion has been referred to the undersigned Magistrate Judge for a Report and Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1)(B); LR 72.1.

---

[1] Mr. Collier filed a single document containing both his objection to the defendants' motion and a "revised Civil Complaint." To the extent Mr. Collier was seeking leave to file an amended complaint, the single filing violated LR 7.1(a)(1). Nevertheless, in deference to his pro se status, the court will treat Mr. Collier's "revised" complaint as an addendum to his original complaint and analyze the defendants' motion accordingly.

**Factual Background and Procedural History**

Mr. Collier's claims in this case stem from judges' decisions regarding "an invalid domestic violence protective order and parenting plan and sole decision-making responsibility for the mother only" in the New Hampshire state court case In the Matter of Hillary May and Randall S. Collier, No. 650-2-13-DM-00010 (4th Cir. Ct., District Division, Laconia). See Compl. Add. (Doc. No. 12) ¶¶ 6, 17.  He has sued the judges in that case and  sued the JCC for failing to take action against those judges.  He asserts fifteen separate claims, based on the judges' acts and the JCC's inaction.  Id. ¶¶ 17-52. Mr. Collier seeks relief in the form of monetary damages "near $70M" and an Order from this court to vacate the state court's orders.  Id. at 31.

In 2022, Mr. Collier filed a nearly identical lawsuit in this court.  See Collier v. Carroll, et al., Civ. No. 22-cv-162-LM (D.N.H. filed May 9, 2022).  On January 31, 2023, Judge McCafferty granted the defendants' motion to dismiss, based on lack of subject matter jurisdiction.  Id. Order (Doc. No. 22).  Specifically, Judge McCafferty held that Mr. Collier's lawsuit was, in effect, an appeal from the New Hampshire state court rulings described above and was, therefore, barred by the Rooker-Feldman doctrine. Id. at 2-3.  There being little or no meaningful difference between this lawsuit and Mr. Collier's

2

previous suit against these defendants, the same result is warranted here.

## **Rooker-Feldman Doctrine**

Under the Rooker-Feldman doctrine, this Court lacks subject-matter jurisdiction to review the decisions of state courts if the underlying matters are concluded. This doctrine precludes a federal action if the relief requested would effectively reverse or void a state court decision, or if the plaintiff's claims are "inextricably intertwined" with the state court action. See Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994); Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc., 544 U.S. 280 (2005) (doctrine applies to cases by state court losers seeking review and rejection of state court judgments rendered prior to commencement of federal suit).

Here, Mr. Collier explicitly asks this court to reverse state court rulings because, he believes, they were incorrect, unconstitutional, or corrupt. This court does not have jurisdiction to do so, and the action should, therefore, be dismissed. See Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009)(affirming dismissal of action relating to custody of child for lack of subject matter jurisdiction under Rooker-Feldman doctrine); see also Dempsey v. Massachusetts State, 959 F.2d 230, 1992 WL 60438, at *1 (1st Cir. 1992) (unpublished) ("[F]ederal district courts do not sit as 'super appellate

3

courts' reviewing errors allegedly committed by a state court.") (citation omitted). For the same reasons, Mr. Collier's motion for summary judgment (Doc. No. 10) should be denied.

## Conclusion

Based on the foregoing, the district judge should grant the defendants' motion to dismiss (Doc. No. 11) based on lack of subject matter jurisdiction and deny plaintiff's motion for summary judgment (Doc. No. 10). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

**SO ORDERED.**

_____
Andrea K. Johnstone
United States Magistrate Judge

May 15, 2024

cc: Randall Collier, pro se
Nathan W. Kenison-Marvin, Esq.