FILED - USDC -NH
2024 JUN 24 PM 12:07

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

**************************************

Randall S. Collier,            *

Plaintiff,                 *

v.                           *         Case No. 1:24-cv-00015-JL-AJ

James M. Carroll, et al.,     *

Defendants.            *

**************************************

## PLAINTIFFS RESPONSE TO "REPORT AND RECOMMENDATION":

  Herein is this Plaintiffs Response to this Court Magistrates "Report and Recommendation", (Doc_#13-Filed_05/15/24, by Andrea K. Johnstone, United States Magistrate Judge), which this Plaintiff hereby claims to be "to the Contrary" of "fundamental principles" of "the supreme Law" and "common law", especially those involving the "Rooker-Feldman Doctrine" which is apparently the only basis for this courts "Recommendation" to dismiss this Plaintiffs entire case, based upon only said "Rooker-Feldman Doctrine", claiming no significant difference between this Lawsuit (Case No. 1:24-cv-00015-JL-AJ) and the previous one (Case No. 1:22-cv-00162), and that this Plaintiffs "Revised Complaint" still is prohibited by said "Doctrine" due to asking for a change to one or more New Hampshire State Court Decision(s).  This would be in error due to a failure to address all of this Plaintiffs claims ("fifteen separate claims" as stated in said "Report and Recommendation"), because (as stated by US Appeals Court in Behr v. Campbell, 2021) a "claim-by-claim approach is the right one.".

  This Plaintiff has revised and removed any such claims which demand any direct review or change of any final State Court decision, and to comply with a more clear explanation of what this "Rooker-Feldman Doctrine" does and does not actually prohibit (in Behr). However thus far in both said Federal Cases brought by this Plaintiff, this U.S. District Court (and "Judicial Defendant(s)") has/have been failing to even respond to the majority of this Plaintiffs 15 (or more now) claims of deprivations of rights under color of law, violations of due process of law and probable cause, parental rights, and more, during the procedure leading up to said "decisions" of this NH "Family Court".  This court is required to address each and every individual claim one at a time, as explained in cases like Behr v. Campbell (US.Appeals.Ct., 2021).  Despite these "clearly established" "doctrine(s)" the majority of this Plaintiffs now 15 (or more) claims have not been addressed by this court, or even disputed by the Defendants in their response to this Plaintiff's initial Complaint so far.  According to rules of procedure in Civil Courts, that could amount to admission by tacit consent, by failure to deny when there is a duty to do so, and since this "Rooker-Feldman Doctrine" is the only basis for the Dismissal of this Plaintiffs first Federal Lawsuit and apparently also this revised second Complaint in the current case, this suggests all of the actual allegations being raised by this Plaintiffs "fifteen separate

claims" may be valid claims of "deprivation of rights under color of law" by possibly all of the "Family Courts" and "Supreme Court(s)" and "Judicial Conduct Committee" (JCC), possibly the entire Judicial System in the State of New Hampshire's "Government"! This suggests that possibly most of what the entire Court System in the State of New Hampshire is doing may be "unconstitutional", and that this Federal "District Court" is avoiding actually addressing most of this Plaintiffs claims, of violations of due process, parental rights, probable cause for all searches and seizures, and claims for monetary compensation for such damages.  Now in this "Revised Complaint" this Plaintiff is specifically not asking to review or alter any State of New Hampshire final Court Decisions.  Instead, since all State remedies have been exhausted and the NH Supreme Court has failed to correct these errors (or disprove this Plaintiffs claims), the only lawful remedy remaining is for the proper Federal Courts to correct the routine violations of "fundamental principles" of "due process" under "common law" and "the supreme Law of the Land", perhaps to 'remand' the case back to the NH Supreme Court with instructions how to correct its previous mistaken dismissals of this Plaintiffs claims.

 This seems clearly to amount to "deprivation of rights under color of law" here for this Federal District Court to be dismissing this Plaintiffs entire case(s) based only upon this "Rooker-Feldman Doctrine", especially considering how this courts "Report and Recommendation" even says in the first paragraph how this Plaintiffs claims stem from procedures leading up to (pending) these "Family Court" "decisions", and mentions how we ask for money for compensation for damages which "stem from" said NH Court "decisions" (which again, this Plaintiff is specifically NOT asking to change, but rather to correct the routine procedures in these NH State Courts which are "unconstitutional", aka "to the Contrary" of "fundamental principles" of "common law" and "the supreme Law" as explained herein.

 Also this Plaintiff is demanding money for compensation for damages caused by this entire NH Court Process and related laws, statutes, procedures, etc, which the Behr Case clearly says is NOT prohibited by Rooker-Feldman.
https://law.justia.com/cases/federal/appellate-courts/ca11/18-12842/18-12842-2021-08-12.html

 The injury must be caused by the judgment itself. Period. And considering whether a claim is "inextricably intertwined" with a state court judgment is not a second prong of the analysis; … when Rooker-Feldman is raised: it will almost never apply."
USCA11 Case: 18-12842 Date Filed: 08/12/2021 Page: 10 of 15
https://law.justia.com/cases/federal/appellate-courts/ca11/18-12842/18-12842-2021-08-12.html

" We have rested on Feldman's meaning: a "claim that at its heart challenges the state court decision itself—and not the statute or law which underlies that decision—falls within the doctrine because it 'complains of injuries caused by state-court judgments' and 'invites review and rejection of those judgments.'" ..."

...on Page10... "... Rooker-Feldman means that federal district courts cannot review or reject state court judgments rendered before the district court litigation began. It is, really, a straightforward application of the statutes establishing our jurisdiction. The doctrine does not

need to be a source of confusion in federal law. Nor can it be a broad means of dismissing all claims related in one way or another to state court litigation. Its application is narrow and—surprisingly enough—quite simple. It bars only "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil,544 U.S. at 284; see also Nicholson, 558 F.3d at 1274. The injury must be caused by the judgment itself. Period. And considering whether a claim is "inextricably USCA11 Case: 18-12842 Date Filed: 08/12/2021 Page: 10 of 15 11 intertwined" with a state court judgment is not a second prong of the analysis; it is merely a way of ensuring that courts do not exercise jurisdiction over the appeal of a state court judgment simply because the claimant does not call it an appeal of a state court judgment. Anything other than that kind of appeal can and should be addressed by other preclusion or abstention doctrines. See, e.g., Lozman v. City of Riviera Beach, 713 F.3d 1066, 1074–80 (11th Cir. 2013). In short, district courts should keep one thing in mind when Rooker-Feldman is raised: it will almost never apply..."

Where does this leave the Behrs? On appeal, they have identified at least three federal claims that they believe should not have been dismissed under the Rooker-Feldman doctrine: their claims for violation of their procedural due process rights (Count 2), discrimination (Count 10), and an unreasonable search and seizure (Count 3)...."

Here are those "Local Rules" (See: LR 7.1(a)(1) UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE):
https://www.nhd.uscourts.gov/pdf/2023%20Combined%20Local%20Rules.pdf

---

**Possibly Relevant Quotations from: Dees and Smith v. Zurlo, et al, 1:24-vc-1, 2024, US.Dist.Ct., Northern Dist. of N.Y.:**

https://www.govinfo.gov/content/pkg/USCOURTS-nynd-1_24-cv-00001/pdf/USCOURTS-nynd-1_24-cv-00001-1.pdf (Decision and Order)

Under the "..."domestic relations" abstention... the states have traditionally adjudicated marital and child custody disputes, developing 'competence and expertise in adjudicating such matters, which the federal courts lack."

"[t]he principle of Younger abstention typically applies in scenarios where significant state interests are at stake
Case 1:24-cv-00001-MAD-DJS Document 14 Filed 05/21/24 Page 6 of 37
and does not extend to precluding federal jurisdiction merely due to possible inconsistencies with state court rulings."

"Younger demands that federal courts [] decline to exercise jurisdiction in three [] exceptional categories of cases: "First, Younger preclude[s] federal intrusion into ongoing state criminal prosecutions. Second, certain civil enforcement proceedings warrant[ ] abstention. Finally,

federal courts [must] refrain[ ] from interfering with pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."

"[T]he Younger doctrine is inappropriate where the litigant seeks money damages for an alleged violation of § 1983." Rivers v. McLeod, 252 F.3d 99, 101-02 (2d Cir. 2001)."

"the domestic relations exception to federal jurisdiction, i.e., federal courts should not exercise jurisdiction over matrimonial actions brought under diversity grounds. "[H]owever, the scope of this matrimonial exception to federal jurisdiction is 'rather narrowly confined,' . . . only 'where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child' does it generally decline jurisdiction pursuant to the matrimonial exception."

"A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts."

This is known as the domestic relations abstention doctrine. See Deem v. DiMella-Deem, 941 F.3d 618, 621 (2d Cir. 2019) ("Although the domestic relations 'exception' to subject matter jurisdiction . . . does not apply in federal-question cases, the domestic relations abstention doctrine articulated in American Airlines does").

---

Relevant Laws, Codes, Etc.:
Chapter 644 - Breaches of the Peace and Related Offenses:
https://law.justia.com/codes/new-hampshire/title-lxii/chapter-644/

Section 644:4 - Harassment:
https://law.justia.com/codes/new-hampshire/title-lxii/chapter-644/section-644-4/

Chapter 631 - Assault and Related Offenses:
https://law.justia.com/codes/new-hampshire/title-lxii/chapter-631/

Section 631:4 - Criminal Threatening:
https://law.justia.com/codes/new-hampshire/title-lxii/chapter-631/section-631-4/

NH US Dist.Ct. "Local Rules": https://www.nhd.uscourts.gov/local-rules-0
https://www.nhd.uscourts.gov/pdf/2023%20Combined%20Local%20Rules.pdf

NH Constitution, Bill of Rights, see Art.15, "Right of Accused":
https://www.nh.gov/glance/bill-of-rights.htm

Rules of The Supreme Court of the State of New Hampshire, Rule 38. Code of Judicial Conduct, CANON 2, Rule 2.2 Impartiality and Fairness:
https://www.courts.nh.gov/rules-supreme-court-state-new-hampshire/rule-38-code-judicial-cond
uct/canon-2/rule-22-impartiality

Rules of the Circuit Court of the State of New Hampshire, Family Division, Rule 2.2 Application of New Hampshire Rules of Evidence:
https://www.courts.nh.gov/rules-circuit-court-state-new-hampshire-family-division/rule-22-application-new-hampshire-rules

Owen v. City of Independence, 445 U.S. 622 (1980)
https://supreme.justia.com/cases/federal/us/445/622/

Maine v. Thiboutot, 448 U.S. 1 (1980)
https://supreme.justia.com/cases/federal/us/448/1/

Hafer v. Melo, 502 U.S. 21 (1991)
https://supreme.justia.com/cases/federal/us/502/21/

officials and judges have no immunity (See owen v city of independence, maine v thiboutot, hafer v melo)... officials and judges are deemed to know the law and sworn to uphold the law and cannot claim to act in good faith in willful deprivation of law, cannot plead ignorance of the law ... therefore there is no-immunity, judicial or otherwise

A letter from The State of New Hampshire Supreme Court Attorney Discipline Office, Titled: "RESPONSE OF EATON W. TARBELL, JR., ESQUIRE, TO RANDALL COLLIER'S ALLEGATIONS SUBMITTED TO THE PROFESSIONAL CONDUCT COMMITTEE DATED 5/16/2014", points out how "Mr. Collier has twice appealed the Family Division matters to the N.H. Supreme Court."  Also "In the above two matters, Mr. Collier has filed a total of 233 pleadings with the courts"!

A letter from Administrative Judge Edwin W. Kelly Dated December 31, 2014, states that "It appears from the record that you have exercised every right of appeal and grievance available within our system. There is nothing further I can do to address your concerns." ""In re" Hillary May and Randall Collier - Docket Number 650-2013-DM-10"

A letter dated Feb.8, 2021, from "the administrator for the 4th Circuit - Laconia where my case is filed.", says: "I am not sure what else this office can do."

Note: Scheuer v. Rhodes 416 us 232 is useful to show how judges lose immunity when acting contrary to higher fundamental principles of law:
https://supreme.justia.com/cases/federal/us/416/232/

**FROM BEHR V. CAMPBELL:**
https://www.facebook.com/permalink.php?story_fbid=pfbid05nfP8dKovJAfFAHhg9GdYXZjkUzvPswpeG8ciGmJbuzHhAfPQtCfm5kSYSKcMbACl&id=100089663479710&comment_id=26115770041369836&reply_comment_id=813236590902156

"Pro se litigants are entitled to recover actual costs reasonably incurred to the extent that an attorney could have received these costs under a § 1988 attorney's fees award. Burt v. Hennessey, 929 F.2d 457, 459 (9th Cir. 1991)."
https://www.facebook.com/groups/415083733546409/?multi_permalinks=1013533447034765&ref=share

Chapter 644 - Breaches of the Peace and Related Offenses:
https://law.justia.com/codes/new-hampshire/title-lxii/chapter-644/

Section 644:4 - Harassment:
https://law.justia.com/codes/new-hampshire/title-lxii/chapter-644/section-644-4/

Chapter 631 - Assault and Related Offenses:
https://law.justia.com/codes/new-hampshire/title-lxii/chapter-631/

Section 631:4 - Criminal Threatening:
https://law.justia.com/codes/new-hampshire/title-lxii/chapter-631/section-631-4/

NH US Dist.Ct. "Local Rules": https://www.nhd.uscourts.gov/local-rules-0
https://www.nhd.uscourts.gov/pdf/2023%20Combined%20Local%20Rules.pdf

NH Constitution, Bill of Rights, see Art.15, "Right of Accused":
https://www.nh.gov/glance/bill-of-rights.htm

Rules of The Supreme Court of the State of New Hampshire, Rule 38. Code of Judicial Conduct, CANON 2, Rule 2.2 Impartiality and Fairness:
https://www.courts.nh.gov/rules-supreme-court-state-new-hampshire/rule-38-code-judicial-conduct/canon-2/rule-22-impartiality

Rules of the Circuit Court of the State of New Hampshire, Family Division, Rule 2.2 Application of New Hampshire Rules of Evidence:
https://www.courts.nh.gov/rules-circuit-court-state-new-hampshire-family-division/rule-22-application-new-hampshire-rules

These three cases refer to loss of immunity for judges (etc) when acting Contrary to Law which they are expected to know since that is their job and duty!...
Owen v. City of Independence, 445 U.S. 622 (1980)
https://supreme.justia.com/cases/federal/us/445/622/

Maine v. Thiboutot, 448 U.S. 1 (1980)
https://supreme.justia.com/cases/federal/us/448/1/

Hafer v. Melo, 502 U.S. 21 (1991)

https://supreme.justia.com/cases/federal/us/502/21/

**A plaintiff who establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations.[1]** Compensatory damages are mandatory. **The Supreme Court has held that no compensatory damages[2]may be awarded for violation of a constitutional right absent proof of actual injury. Compensatory damages include actual losses, mental anguish and humiliation, impairment of reputation, and out-of-pocket losses.[3]Damages in § 1983 actions are not to be assessed on the basis of the abstract 'value' or 'importance' of the infringed constitutional right.[4]Although mental and emotional distress damages are available as compensatory damages under § 1983, no compensatory damages are to be awarded for the mere deprivation of a constitutional right.[5]For example, where a plaintiff is alleging a procedural due process violation, the plaintiff will not be entitled to compensatory damages, if, after post-deprivation procedure, it is determined that the deprivation was justified, because the plaintiff has suffered no actual injuries.[6]Punitive damages are available even when the plaintiff is unable to show compensable injury.[7]**

[1]Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988); see also Smith v. Wade, 461 U.S. 30, 52 (1983)

[2]Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 308 (1986).

[3]See Borunda, 885 F.2d at 1389; Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987); Chalmers v. City of Los Angeles, 762 F.2d 753, 760-61 (9th Cir. 1985).

[4]Sloman v. Tadlock, 21 F.3d 1462, 1472 (9th Cir. 1994).

[5]See Carey v. Piphus, 435 U.S. 247, 264 (1978).

[6]Raditch v. United States, 929 F.2d 478, 482 n.5 (9th Cir. 1991); see also Merritt v. Mackey, 932 F.2d 1317, 1322-23 (9th Cir. 1991); Vanelli v. Reynolds Sch. Dist. No. 7, 667 F.2d 773, 781 (9th Cir. 1982)

[7]See Smith v. Wade, 461 U.S. 30, 55 n.21 (1983); Mendez v. County of San Bernardino, 540 F.3d 1109, 1120 (9th Cir. 2008); Davis v. Mason County, 927 F.2d 1473, 1485 (9th Cir. 1991), superseded by statute on other grounds as stated in Davis v. City of San Francisco, 976 F.2d 1536 (9th Cir. 1992), vacated in part on other grounds by 984 F.2d 345 (9th Cir. 1993) (order).

I have spent 11 years in emotional turmoil and mental anguish fighting to be a father figure in my son's life. Criminal Statute used against me when evidence was suppressed in a non judicial proceeding. Civil Courts with the ability to use criminal statutes but not actually refer for proper prosecution as this case lacks probable cause of injury to person or property. No actual phone records were submitted supporting meeting the elements of Harassment. I was not afforded the right to see the evidence of criminal threatening used against me. I have spent thousands of dollars fighting a court system where apparently evidence does not apply and is not needed. Apparently history of this case will prove is, evidence is only favorable to Ms. May. The medical records contradicting the allegations were ignored.

The humiliation of only getting to talk to my son on the phone and not being able to create a bond with him. No physical contact in over 6 years. Eleven (11) years ago I received "6 years of supervised visits for T.C.'s memory of his good relationship with his father". Now I have no relationship with my son and still no privacy during phone calls. I can't ask Ms. May any questions about anything or the call is then terminated.

I have been hindered in every way possible from being a good father to my son. T.C. has lost 11 years of fatherhood in his life. We were literally separated for his good memory of our relationship together. This is the most humiliating of events to ruin a perfectly healthy father son relationship. Now we have no relationship and we don't even know each other anymore. My reputation as a good father has gone, as Ms. May has testified for 11 years that she is in fear for her life and T.C.'s. No actual evidence submitted supports being in fear. What kind of damage has been done to T.C. and his thought process of how bad a dad I must be if Ms. May won't communicate with me at any time and he never gets to see me? This is the most humiliating feeling ever. What kind of humility does that put on a child or myself? This poor parenting practice granted by the court, clearly is not in the best interest of a healthy and safe father son relationship.

Defendants, Hon. James Carroll, Hon. Michael Garner, and the New Hampshire Judicial Conduct Committee (collectively, the "Judicial Defendants"), by and through the New Hampshire Office of the Attorney General as counsel, have moved to dismiss plaintiff Randall S. Collier's complaint to the extent it asserts claims for relief against them.

  The Court should not dismiss Plaintiff's complaint against the Judicial Defendants pursuant to Civil Rule 12(b)(1) due to failure to invoke this Court's subject matter jurisdiction, because this Plaintiff can overcome such objections, and intends to do so herein, and with an attached "Revised Civil Complaint-for_Case_No.", 1:24-cv00015-JL-AJ
and "Declaration of Unconstitutional acts, list of violations of Due Process" (And a separate "References" or "Sources of Authority" also attached to this Motion in

Response to Judicial Defendants Motion to dismiss...).

Additionally, or in the alternative, dismissal should <u>not</u> be granted pursuant to Rule 12(b)(6), because Plaintiff is able to state a claim upon which relief may be granted against the Judicial Defendants, and intends to do so herein in this Revised Civil Complaint.
See direct responses to Judicial Defendant's arguments below, with logical arguments, relevant laws, evidence, etc..

There were four (4) Reasons these defendants (Judges, JCC, NH State, Etc) gave for this Plaintiff's charges against them to be dismissed (and in these Defendant's Response Motion they agree on all the facts in this Plaintiff's Complaint also), and here are reasons why all four are incorrect or invalid, and none of them even actually dispute any of this Plaintiff's allegations against them:

1) Judicial Defendants allege this Plaintiff's complaint did not explain clearly enough the causes of action and why this court should have jurisdiction; <u>**See attached list of violations alleged by this Plaintiff, and Revised Civil Complaint,**</u> which should provide "probable" evidence for "Subject Matter Jurisdiction" both "Federal Question" and "Diversity Jurisdiction" (as these arguments affect potentially all 50 States and US Government Agencies).

2) Judicial Defendants allege this Plaintiff's complaint did not explain clearly enough what this Plaintiff wants this court to order as remedy, and why it should order so, and has jurisdiction to do so; <u>**See below "Request for Relief, Relief Requested" (and attached Revised Civil Complaint),**</u> which should provide "probable" evidence and sources to justify the Relief Requested/Demanded herein.

3) Judicial Defendants claim "judicial immunity", but that cannot apply when they reasonably should know they acted contrary to basic principles of Constitutional law, as this Plaintiff is alleging Defendant's clearly did in this case, therefore that immunity cannot apply in this case; Judicial Proceedings in an Administrative Court rather than a Constitutional Court.MIchael Garner wrote Due Process and

4) And Judicial Defendants claim the State of NH has sovereign immunity from being sued even by Citizens (or citizens, common noun, both in US Const) of the

same State under Amendment 11, however thanks to the 14th they are still liable for failure to defend equal individual Human rights.

**Therefore, these "Defendant's" are not entitled to any "immunity", and this "Plaintiff" should be able to get the remedy demanded herein, and is entitled to it as a Constitutional right.**

## Concurrence:

   Local Rule of Federal Civil Court Procedure 7.1(c) requires this Plaintiff to give the other party/parties ("Judicial Defendants", et al), an opportunity to settle disputes and agree to our demands ("Concurrence"), before expecting the Court to make an Order (which might over-rule the desires of one or more parties to the case. But this rule does not apply to "dispositive motions" which request no such order). That rule states:

"UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
LOCAL RULES
…
III. PLEADINGS AND MOTIONS
7.1 Motions
(a) Form…
(c) Concurrence. Any party filing a motion other than a dispositive motion shall certify to
the court that a good faith attempt has been made to obtain concurrence in the relief sought. If the moving party has obtained concurrence, a statement of concurrence shall be included in the body of the motion so the court may consider it without delay. If concurrence has been obtained, the motion shall also contain the words "assented-to" in its title. The requirements of this subsection shall not apply to motions involving an incarcerated pro se litigant."
https://www.nhd.uscourts.gov/pdf/Combined%20LR%20Dec%202022.pdf
https://www.law.cornell.edu/rules/frcp/rule_23 (Fed.Civ.Proc., Class Actions)

   Therefore here is that opportunity for the Defendant(s) in this case to "Concur" with our "Request for Relief" (herein, below), or attempt to negotiate a mutually acceptable agreement upon what relief this court should order.

<u>Regarding Case Numbers: 650-2013-DV-00016,</u> and 650-2013-DM-10 IN THE STATE OF
NEW HAMPSHIRE, 4TH CIRCUIT FAMILY DIVISION OF CIRCUIT COURT - COUNTY OF
Belknap, In the CITY OF LACONIA,  HILLARY CATHERINE MAY (Plaintiff), v. RANDALL
COLLIER (Defendant);
   <u>Regarding also previous US District Case No:  1:22-cv-00162-LM,</u> Collier v. Carroll,
District Court, D. New Hampshire (Dismissed due to "Rooker-Feldman Doctrine", leading
to this revised complaint, citing Behr v. Campbell, Exxon v. Saudi Industries, et al);

---

## INTRODUCTION:

  <u>HERE COMES the Plaintiff(s), Randall Collier</u> ('Pro Se' 'Representing' self)', and any other
relevant "Class Action" Members, and alleges the following Claims for Relief, seeking recovery
of damages, and compensation for injuries incurred as a proximate cause of the acts, neglect,
and omissions of Defendant(s) pursuant to Law as cited herein, arising from the conduct of the
Defendants in their official and individual capacities, as described more particularly in this
complaint.

---

## PARTIES, JURISDICTION, AND VENUE:

  1. Plaintiff is a Citizen of these United States of America and resides in the State of New
Hampshire, in Cheshire County, Town of Surry.
  2.Defendants may include: Specific Judges, in the NH Family Court System (all & those in
specific cases herein as examples), the NH Judicial Conduct Committee, the NH Supreme
Court, the NH Attorney General's Office, and possibly the US District Court (previous case(s)),
et al.;
  3. Therefore, Defendant(s) may also include Judge James M. Carrol, for presiding over the
Stalking Petition which issued "court order(s)" mentioned herein, for a 'domestic violence'
'protective order' and 'sole-decision making responsibility' for the mother only" on 2/3/2013  (not
to challenge the final orders, due to "Rooker-Feldman", but for presiding over Unconstitutional
procedures as described herein, and possibly other actions or inactions, to be determined);
  4. Defendant(s) may also include Judge Michael Garner, for presiding over parenting case and
extensions of protective orders 650-2013-DV-00016.; and 650-2013-DM-10
  5. Defendant(s) may also include New Hampshire Judicial Conduct Committee for failing their
duty to act properly in response to Three (3) Judicial Conduct Complaints in said N.H. Court
Case(s): JC-14-0313-G, JC-17-057-G, JC-20-031-G;
  6. Parties may also include Hillary May who did reside in Belknap County, City of Laconia, in
the State of New Hampshire at the time of the previous court cases mentioned herein, but (for
purposes of this suit, this Courts "Diversity Jurisdiction", and their liability, including violations of
Federal Law as alleged herein) currently resides in the City of Cary, North Carolina;

---

## RELEVANT FACTS, EVIDENCE:

  6. <u>NOW COMES Plaintiff(s) Randall Collier ('Pro Se' 'Representing' self), to move this
court to clearly declare "fundamental principles" of "the supreme Law" and "common
law" as they apply in cases like those described herein, and to declare clearly how they</u>

**were violated in the cases mentioned herein, and to order compensation for this Plaintiff (Mr. Collier) due to the previous "unconstitutional" court processes, as described herein due to the "unconstitutional" practices in the New Hampshire Court System, especially "Family Courts" as described herein**, in cases such as for example, N.H. Case: 2013-DV-00016, and N.H. Case 650-2013-DM-00010, 4th Circuit Court, District Division, Laconia, New Hampshire, "In the Matter of Hillary May and Randall S. Collier", resulting in a "Protective Order", which was based upon allegations of "domestic violence", "abuse", "harassment"[111] and/or "threatening"[115], but without "due process of law"[5] such as "probable cause"[3] and "criminal prosecution"[1,3,4], because such orders are clearly "to the Contrary"[6] of "fundamental principles"[Az.Const,133] of "the common law"[US.Const.Amend.7] and "the supreme Law of the Land"[US.Const.Art.6] as explained herein[1], and clearly not in the Child's (T.C.s) best interests (which is supposed to be the primary purpose of this court), as explained herein for the following reason(s). Also to move this court to provide other appropriate remedy for damages or harm caused as a result of previous unconstitutional Court Orders (as outlined herein);

7. As stated in a previous Motion to Dismiss this Court Case indicated herein (N.H. Case: 2013-DV-00016), there were "Nine (9) reasons why previous court order(s) for a "domestic violence" "protective order" and "sole decision-making responsibility" for the mother only, are not Constitutional". Therefore said "orders" are not valid or "Lawful" for this Court or other "Public Servants" in these United States of America to "make or enforce" [US.Const.Amend.14], and herein, I reorder with an additional 6 examples to now make (15) Fifteen Reasons more clear.

8. For these reasons this court may be liable for causing and/or any failure to stop ("neglect to prevent") such "deprivation(s) of rights under color of law"[6] as described herein, unless this Judge can explain on the public record why these alleged reasons are incorrect, why said previous court orders are not "unconstitutional" and thus "unlawful" as alleged herein. Therefore by neither stopping the allegedly and clearly unlawful previous court orders, nor explaining why the allegations of being unconstitutional are incorrect, then this judge could become complicit and liable in the same unlawful acts (and possibly other civil and/or criminal charges, etc.), because:

9. The primary "duty" of any "Judge" or "Public Servant" in these United States of America is to "establish Justice... and secure the Blessings of Liberty to ourselves and our Posterity" (See Preamble, US.Const), which is essentially the only real purpose of "Government" and "Law" (See N.H. Const.Part.1,Art.3), "and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution" and only "Laws... made in Pursuance thereof" above all, (US.Const.Art.6), and to "bear faith and true allegiance to the United States of America and the State of New Hampshire, and [to] support the Constitution thereof." ; (See attached "SOURCES OF AUTHORITY...", [7] N.H. Oath Statute, & N.H.Const.Part 2nd,Art.84, "Oath of civil officers"'[7]. Therefore Public Servants are not entitled to immunity when they reasonably should have known they were acting to the Contrary of fundamental principles of the supreme Law of the Land as illustrated herein, such as the primary Purpose of Government which is to secure the Blessings of Liberty to ourselves and our Posterity, and establish Justice when there is probable evidence to accuse one (or more) Human(s) of violating the equal individual rights of one (or more) other Human(s).

**Judge Michael H. Garner Signed an Oath to the Constitution Nov. 4th 2015:**
"I Michael H. Garner
of Sanbornton
do solemnly swear, that I will bear faith and true allegiance to the United States of America and

the state of New Hampshire, and will support the constitutions thereof. So help me God. Signature...

I, Michael H. Garner

do solemnly and sincerely swear and affirm that I will faithfully and impartially discharge the and perform the duties incumbent on me as

Justice of the Circuit Court

according to the best of my abilities, agreeably to the rules and regulations of this constitution and laws of the state of New Hampshire. So help me God. ...

November 4, 2015."

### Judge Carroll, James M. Signed an Oath to the Constitution Dec. 8th, 2010:

"I James M. Carroll

of Laconia

do solemnly swear, that I will bear faith and true allegiance to the United States of America and the state of New Hampshire, and will support the constitutions thereof. So help me God. Signature...

I, James M. Carroll

do solemnly and sincerely swear and affirm that I will faithfully and impartially discharge the and perform the duties incumbent on me as

Justice of the Laconia District Court

according to the best of my abilities, agreeably to the rules and regulations of this constitution and laws of the state of New Hampshire. So help me God. ...

December 8, 2010."

### Case Law regarding when Immunity is lost:

Fitzpatrick v. Bitzer, 427 U.S. 445 (1976), https://supreme.justia.com/cases/federal/us/427/445/ & Grable & Sons Metal Products, Inc. v. Duaeue Engineering & Mfg, 545 U.S. 308 (2005), https://supreme.justia.com/cases/federal/us/545/308/ ;

### The Common Law is the real Law, the supreme law of the land, the code, rules, regulations, and statutes are " not the law" US Supreme Court Decision, (Self v. Rhay, 61 Wn (2nd)261):

https://www.supremecourt.gov/DocketPDF/18/18-7080/76618/20181218153201895_00000008. pdf ; https://casetext.com/case/in-re-self-v-rhay

Violation of the Oath of Office to Support the Constitutions thereof is a Breach of Contract.

10. Therefore protecting equal Human Liberty to Pursue Happiness is the only real Purpose of Government and Law[1] (US & State Constitutions & Declaration of Independence), and these "rights"[2] include owning property and land, free travel, fair exchanges, common practices (See US.Supr.Ct. 'Precedents' on each subject in attached "SOURCES OF AUTHORITY"), "Liberty" in general ("Life, Liberty and the pursuit of Happiness" -Decl.of.Ind.), and privacy from all "searches and seizures"[3] unless there is "probable cause, supported by Oath or affirmation" (US.Const.Amend.4), to accuse the "Defendant" of an actual "crime"[4] against the equal individual rights of another Human being, by "intent or inexcusable neglect"[4] (US.Supr.Ct.), and in violation of valid Criminal "Law of the Land" (US.Const.Art.6. & Amend.4,6,14 & US.Supr.Ct. See attached "SOURCES OF AUTHORITY" on 3 "elements" to a "crime"[4]);

11. To "make or enforce" (US.Const.Amend.14) "anything... to the Contrary" (US.Const.Art.6) is a "deprivation of rights under color of law"[6] which is an actual federal "crime" (See USC 18-241 & 242) and a civil liability to even "neglect to prevent" (see USC 42-1986, & 1983 to

1988) once one "reasonably should know" (US.Supr.Ct. On "probable cause")[3], in violation of the oath and contract to defend "the supreme Law of the Land"(US.Const.Art.6) "against all enemies, foreign and domestic" (Oath for US Military and many other Public Servants in US and 50 States), including "taxes" on owning land and payment for labor[14], and "licenses" for any "common practice"[13] like law and medicine as well as to travel on public roads[11] (not including to "drive" "people or property for hire" when it legitimately requires a "CDL" -in order to protect the 'rights' of 'We the People' who pay for and own them), and basically all harmless civil and criminal "offenses"[4], and especially any violations of "due process of law"[5] as explained herein (See attached "SOURCES OF AUTHORITY" for each of these points). Definition of Due Process of Law: "The essential elements of due process of law are notice, an opportunity to be heard, and the right to defend in an orderly proceeding." Fiehe v. R.E. Householder Co., 125 So. 2, 7 (Fla. 1929(. "To dispense with notice before taking property is likened to obtaining judgment without the defendant having ever been summoned." Mayor of Baltimore vs. Scharf, 54 Md. 499, 519 (1880).;

12. **The Stated Purpose of this "New Hampshire Judicial Branch" Court is:** "Our Mission: To preserve the rule of law and protect the rights and liberties guaranteed by the United States and New Hampshire Constitutions, the courts will provide accessible, prompt, and efficient forums for the fair and independent administration of justice, with respect for the dignity of all we serve." https://www.courts.nh.gov/.[105]

13. **N.H. Constitution violations, Article 15, "Right of Accused"**, in the following 6 of 8 "Rights of Accused" listed therein, www.nh.gov/glance/bill-of-rights.htm[105], where it says:
 (1) "No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him; " This Plaintiff (Mr. Collier) was never actually held to answer for any actual "crime" by any Criminal Prosecution (in Criminal Court), even though he was accused of criminal "offenses" by this non-criminal "Family Court", they were never even reported to a proper criminal court as it should have if there was actual "probable cause"/evidence but there was not;
…
 (3) "Every subject shall have a right to produce all proofs that may be favorable to himself"; "Discovery" of evidence "favorable to himself" was not permitted or provided in this case on at least two occasions (denials of motions for discovery of evidence), and motions to "show cause" were denied at least twice:  A Motion for video surveillance that I threatened anyone was denied 7/22/13, a Motion for Discovery of video surveillance recordings from our court hearing where I received criminal threatening charges 2/26/14, a Motion for Show Cause denied 2/16/2022, and a Motion for Reconsideration of Denied Show Cause was denied 3/31/22;
…
 (4) The Right "to meet the witnesses against him face to face" was also denied in this case;
…
 (5) "and to be fully heard in his defense, by himself, and counsel." This Plaintiff (Mr. Collier) was also not "fully heard" in our case here;
…
 (6) "No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land;"  This Plaintiff (Collier) was "deprived of his ...liberty" without "the judgment of his peers", in maybe more than one way, including an arrest warrant issued in N.C. for not paying legal fees, violating "debtors prison" prohibitions, as well as a previous arrest warrant in N.H. for not paying legal fees (which was paid to remove it), as there was no "public trial, by an impartial jury of the State", and Judge Garner on 3/28/2023 even testified that is because rules of evidence do not apply in these

"Family Courts", which is just another "deprivation of rights under color of law". {See "A Report by the American Civil Liberties Union of New Hampshire" in 2015, "Debtors' prisons are strictly prohibited at both the federal and state levels as a matter of equal protection."
https://www.aclu-nh.org/sites/default/files/field_documents/report_aclu-nh_debtors-prisons_09-2 3-15.pdf };

...
(8 ) "Every person held to answer in any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the state if need is shown; this right he is at liberty to waive, but only after the matter has been thoroughly explained by the court."

... {Unfortunately "public defenders" pretty much work for the system they are educated and paid by, so in most any case people can make the same argument if they have to rely on "court appointed counsel", instead of YOU being the one telling THE COURT what "the supreme Law of the Land" requires THEM to do!};

14. NH Circuit Court Family Division Rule 2.2 Rules of Evidence do not apply in Domestic Violence or Parenting Cases. Michael Garner's testimony to the NH Legislators on 3/28/23 (See TIMELINE for link/URL), about not applying the Rules of Evidence in DV (Domestic Violence) or Family Cases due to no trial by jury in these N.H. "Family Division" "Circuit Courts", "What we hope to be is the gatekeeper for reliable information". This violates the Rule of law, which requires an "Independent Judiciary" (below), and NH Courts "Mission statement" (above) to follow both US and NH Constitutions. See CLAIM 13 Below for more detail and links.
**This seems clearly "to the Contrary" of this Courts "Mission"!**
**https://www.courts.nh.gov/rules-circuit-court-state-new-hampshire-family-division/rule-2 2-application-new-hampshire-rules** ;

Here are 154 parenting rights case laws:
https://awake2020.wordpress.com/2021/12/27/154-caselaw-you-will-need/ ;

15. NH Supreme Court Rule 2.2: "A judge must be objective and open minded. Good faith error of fact or Law doesn't violate this Rule".

Can one be open minded and ignore facts? Can one be objective and ignore Law? Courts in good faith ignore fact and Law? Having an unfair or disorderly presentation of evidence is in the best interest of the child?

"It is only when failure to observe this safeguard amounts to denial of due process, that the court is deprived of jurisdiction."; Merritt v. Hunter, C.A. Kansas 170 F2d 739,
https://law.justia.com/cases/federal/appellate-courts/F2/170/739/1567905/

Cooper v Aaron, US Supreme Court: State Courts are bound by the court's interpretation of Federal Law and the Constitution, and they must follow it.
https://supreme.justia.com/cases/federal/us/358/1/

16. ALSO NOTE, American Bar Association Definitions: Rules of Evidence: Ignoring these rules makes evidence inadmissible. It must be admissible, reliable, complete, authentic, and believable. "Rules of evidence - Standards governing whether evidence in a civil or criminal case is admissible." -"Consumers' Guide to Legal HelpLegal Terms Glossary":
https://www.americanbar.org/groups/legal_services/flh-home/flh-glossary/#:~:text=Rules%20of %20evidence%20%2D%20Standards%20governing,or%20criminal%20case%20is%20admissib le. ;

Rule of Law: "is a set of principles or ideals, for ensuring an orderly and just society. Many Countries throughout the world, strive to uphold the Rule of Law where no one is above the Law. Everyone is treated equally under the law. Everyone is held accountable to the same laws, there are clear and fair processes for enforcing laws, there is an Independent Judiciary, and human rights are guaranteed for all."
https://www.americanbar.org/groups/public_education/resources/rule-of-law/ ;

Independent Judiciary, "An independent judiciary is necessary to ensure the Rule of Law is respected. Judicial independence means judges are not subject to pressure and influence and are free to make impartial decisions based solely on fact and law. An independent judge can assure your case is decided according to the law and the facts, and not a shifting political climate."
https://www.americanbar.org/groups/public_education/resources/independent-judiciary-resources/
Admissible, Inadmissible Evidence, "Admissible evidence is evidence that may be presented before the trier of fact (i.e., the judge or jury) for them to consider in deciding the case.":
https://www.law.cornell.edu/wex/admissible_evidence
https://www.law.cornell.edu/wex/inadmissible_evidence
"Standard 3-4.3 Minimum Requirements for Filing and Maintaining Criminal Charges":
https://www.americanbar.org/groups/criminal_justice/standards/ProsecutionFunctionFourthEdition/ ;
For the purposes of review, it has been said that clear violations of laws on reaching the result, such as acting without evidence when evidence is required, or making a decision contrary to all the evidence, are just as much jurisdictional errors as is the failure to take proper steps to acquire jurisdiction at the beginning of the proceeding. Borgnis v. Falk Co., 133 N.W.209.
https://case-law.vlex.com/vid/borgnis-v-falk-co-895259199

 "No sanction can be imposed absent proof of jurisdiction". Standard v. Olesen, 74 S.Ct.768.
https://casetext.com/case/olesen-v-stanard "Once jurisdiction is challenged, it must be proved".
Hagans v. Levine, 415 U.S. 533, n3: https://supreme.justia.com/cases/federal/us/415/528/

 Without jurisdiction, the acts or judgments of the court are void and open to collateral attack.
McLean v. Jephson, 123 N.Y. 142, 25 N.E. 409. https://casetext.com/case/mclean-v-jephson

 "The claim and exercise of a Constitutional right cannot be converted into a crime" -Miller v. United States (1956). "a denial of them would be a denial of due process of law". Chicago, Burlington & Quincy Railroad v. Chicago, 166 U. S. 226.
https://supreme.justia.com/cases/federal/us/166/226/ ; Simmons v. United States, 390 U.S. 377 (1968), https://supreme.justia.com/cases/federal/us/390/377/

 "A duty to give decisions which are advisory only, and so without force as judicial judgments, may be laid on a legislative court, but not on a constitutional court established under Art. III.'"
Williams v. United States 289 U.S. 553 (1933),
https://supreme.justia.com/cases/federal/us/289/553/ ;

---

## GENERAL CLAIMS, ETC.:

.

**17. Plaintiff makes the following claims. HERE ARE NOW Fifteen (15) reasons why previous court procedures were/are not Constitutional, and are violations of due process of law, and this Plaintiff's equal individual Human rights (also leading to an invalid "domestic violence" "protective order" and "parenting plan" and "sole decision-making responsibility" for the mother only in this case)**

**12/13/2012, Plaintiff, I was escorted off property ending direct care, custody, control of my child/son):**

**18. CLAIM (1):**  In 2013 initiating Court Procedures ( Criminal Statutes ) against this Plaintiff's will (Mr. Collier), and in a non-criminal court ("Family Court"), and/or enforcing an unconstitutional "Domestic Violence" "Protective Order"[104] (and issuing it, however barred by "Rooker-Feldman Doctrine" for this court to reconsider/'appeal'), without "probable"[3] evidence of any actual threat of "abuse", "threatening" or "harassment" as required by the "Law of the Land", despite the specific requirements in the relevant New Hampshire State law: Title XII, Chapter 173-B, "Protection of Persons from Domestic Violence" (see 173-B:1 Definitions)[105], therefore that is a "Deprivation of rights under color of law"[102], a "color of law abuse"[122], Wrongful conviction/Prosecution[103], "Miscarriage of Justice[103]", and perhaps more charges, due to these violation(s) of "due process of law"[5], such as "probable cause"[3] as required for all "searches and seizures" and "criminal prosecutions" under "the supreme Law of the Land"[1], especially Amendments 4-7 and 14, and U.S. Supreme Court "Precedents" on Three (3) "elements" to a "crime"[4] (aka "Corpus Delicti doctrine". Also know "Actus Reus", "Mens Rea");

19. And these two "meeting the elements of" ("harassment", "threatening") even if they were lawful and prosecuted criminally, still do not relate directly to any harm or threat of any kind to the Child directly, and the "best interest of the Child" are supposed to be the only "lawful" reasons for this entire "Family Court" case.  Therefore there never was any "probable cause" to show any threat to the Child's "best interests" making all Orders based upon said allegations "unconstitutional" and thus "unlawful" to "make or enforce" or even "neglect to prevent".

20. See attached Reference [128], where in this New Jersey Supreme Court case decided September 27, 2021, they clearly explain how these "Family Courts" cannot lawfully shift the "burden of proof" to a parent to prove they did not commit the "offense" (such as "abuse" in this case) in order to justify infringing the rights of that parent over their child.; Also consider this ruling from Judge Garner mentioned in this article, dismissing a charge of "harassment" against an Officer due to lack of actual "true threat", which should likewise apply in this case: "there is no allegation Smolenski ever made a "true threat," which would place the intended victim in fear for their personal safety. Without that threat, Smolenski's communication with Cremo is protected speech, he said.".
https://indepthnh.org/2024/01/09/judge-ex-lebanon-cops-threats-not-criminal/ ;

21. As stated in a Motion prepared in 2015 by "BIANCO PROFESSIONAL ASSOCIATION - ATTORNEYS AT LAW", "18 CENTRE STREET - CONCORD, NEW HAMPSHIRE 03301 – 602-225-7170", on "Page 3 of 5":  "Ultimately, mere supposition should not be used to deprive a parent of his or her constitutionally protected parental rights-and in fact a conclusion that contains or consists of suppositions or speculation is indicative of the fact that the necessary burden of proof has not been sustained.";

**22. CLAIM (2):**  Deprivations of rights to "due process of law"[5], noting Mr. Collier meeting the elements for "Criminal Threatening"[115], just for an attempted 'stare down' (In return) at the opposing Parties Counsel ("Petitioner's counsel was at the podium and the Respondent stood

within inches"-Judge James M. Carrol Order on 2.4.2013) in open court[116], without "probable"[3] evidence of any actual "threat"[4] of "imminent bodily injury or physical contact"[115] as required by "the supreme Law of the Land" ("probable cause", 4th Amend., "common law")[1] and the relevant N.H. State Law RSA 631:4.[115]. "

"The claim and exercise of a constitutional right cannot be converted into a crime." Miller vs. U.S. 230 F.486, 489. https://casetext.com/case/miller-v-united-states-114 & https://www.casemine.com/judgement/us/59149f16add7b0493466495a

### NH RSA 631:4 says:

1. A person is guilty of criminal threatening when:

    By physical Conduct, the person purposely places or attempts to place another in fear of imminent bodily injury or physical contact: or

    ( b) graffiti to terrorize
    (c)  crime against property
    (d) commit crime against person
    (e) threat to commit crime of violence with biological
    (f) threat that could be perceived as biologic

2. Class B felony if deadly weapon

2b. All other criminal threatening is a misdemeanor,

 As used in this section " terrorize" means to cause alarm, fright, dread, the state of mind induced by the apprehension of hurt from some hostile or threatening event or manifestation. https://gencourt.state.nh.us/rsa/html/lxii/631/631-4.htm

 Definition of Manifestation: (Noun) An event, action, or object that clearly shows or embodies something, especially a theory or an abstract idea. The action or fact of showing an abstract idea." the manifestation of anxiety over the upcoming exams".
https://googledictionary.freecollocation.com/meaning?word=manifestation#google_vignette

There was no hostile or threatening event noted in the order. Furthermore, the statute notes the apprehension which is the "thought of", but no mention of actual physical conduct, assault or probable cause of intent to injure person or property. I can't meet the elements of Criminal Threatening to Ms. May if I was just merely looking at someone other than Ms. May.

   **23. CLAIM (3):**  Deprivations of rights to "due process of law"[5] for the judge denying access to video surveillance tapes from the court regarding meeting the elements of "criminal threatening"[117], for 2 years in a row (denying motions for "discovery" of evidence to defend against charges of "criminal threatening". Videos which are likely deleted since shortly after the incident according to a court clerk[118]). "The essential elements of due process are notice and opportunity to defend" ones self. US.Supreme Ct., Simon v. Craft, 182 U.S. 427 (1901), https://supreme.justia.com/cases/federal/us/118/425/ ;

   **24. CLAIM (4):**  For violating this Plaintiffs Parental Right to communicate with my child by declaring attempts "harassment", by finding this Plaintiff (Randall Collier) guilty of 'harassment' contrary to evidence, such as the Judges own findings on 1/27/2013, and on 2/4/13 after petitioner (Hillary May) testified about "respondent [Randall Collier] texting her with intent to intimidate, to control, and to interfere with the Petitioner's ability to maintain her responsibilities of teaching"[101], in a hearing dated 1/24/13, when in an order on 1/27/13 the judge noted in the order after hearing on emergency relief on page 3 that: "in conjunction with the DVP she submitted at the same time in this hearing she attached a series of text messages between Mr. Collier and Ms. May. The text messages reflect relationship issues. They continued to

communicate with each other in generally healthy ways with some success. Despite the rambling nature of the text messages, there are no concrete threats from Mr. Collier towards Ms. May or towards T.C.. The text messages appear to increase in frequency and animosity as his frustration mounts from being out of the residence and not seeing T.C.." [110, order on 1/27/13], which this court noted on record were for the purpose of communicating with his Son making this a violation of that Parental right [see the file: "2022 1237 corrections.pdf" about the 2/4/13 hearing, one paragraph long, below*].

25. "Harassment" according to RSA 644:4 requires that a person: "...(a) Makes a telephone call, whether or not a conversation ensues, with no legitimate communicative purpose or without disclosing his or her identity and with a purpose to annoy, abuse, threaten, or alarm another; or (b) Makes repeated communications at extremely inconvenient hours or in offensively coarse language with a purpose to annoy or alarm another; or (c) Insults, taunts, or challenges another in a manner likely to provoke a violent or disorderly response; ...".[111]

26. Furthermore at the time of this incident (and until 2015 or 2016) this Threatening law (RSA 644:4)[111] stated: "A person is guilty of a misdemeanor [Harassment].. if such person... (f) With the purpose to annoy or alarm another, having been previously notified that the recipient does not desire further communication, communicates with such person, when the communication is not for a lawful purpose or constitutionally protected." And clearly this court's previous orders and existing laws make this clearly a violation of the parental rights to have supervised visitation to "ensure that T.C. does not lose memory of his good relationship with his father" (as stated by the Court on 4.4.2013, "Order on Pending Motions", Judge James M. Carroll, NH.4th.Cir.Ct.Laconia, Belknap County);

27. And this allegation was used to justify depriving time with my son, via a "Protective Order" (issued 1/24/13), based upon above mentioned accusation of "harassment"[111], without any actual "probable"[32] evidence or proper "criminal prosecution"[1] in Criminal Court of any actual "crime"[4], such as "abuse" as required by N.H. Law for "protective orders"[105] such as this. The Judge said communication increased with frequency and animosity about not seeing his son, then found Mr. Collier for "harassment" (see below);

28. Further depriving this Plaintiff of time with my son (Re: *=2/4/13 FINAL order, after 1/24/13 TEMP order), a Domestic Violence Temporary Order was granted on 1/24/13. Respondent (Mr. Collier) was served with no contact letter from (Ms. May's) attorney, and the respondent nearly immediately failed to abide by the mutual agreement. The Petitioner (Ms May) testified that the respondent (Mr Collier) was texting her with intent to intimidate control and interfere with her abilities of teaching. The 2/4/2013 Order States:  "The Court finds that the Respondent's ongoing pattern of behavior reasonably has caused the Petitioner to fear for her safety and her wellbeing as well as the child's and creates a present credible threat to the Petitioner's safety. The Respondent's acts satisfies the elements of Harassment as defined by RSA 644:4 and Criminal Threatening as defined in RSA 631:4."[115], "Date: February 4, 2013", signed by "Judge James Carroll".

Review: Ms. May's letter requesting no further contact with her or T.C. violated both father and son's Natural Rights. Ms. May failed to support her allegations of harassment with any objectiveness.

"Constitutional Rights may not be infringed simply because the majority of the people choose that they be." 13 Cal Jur 3d 412 section 229 ("California Jurisprudence", Encyclopedia of California Law).

  NH Statute 631.4 says "terrorize" "means to cause alarm, fright or dread the state of mind induced by the apprehension of a hostile or threatening event or manifestation." RSA_631-4,Sec.III,(b).[115]

  Credible Threat: Refers to a threat with the ability and capacity to happen or be carried out possibly. Technically it has the intent of harm and makes the target person afraid for their safety. Also the threat aims to cause significant injury to the targeted person or their life. Oxfordreference.com

Review: I was looking at her counsel per the order, Ms. May  was not a target person and no hostile event was noted in regards to Ms. May's safety.

  Ongoing pattern of behavior: To establish power and control through fear and intimidation.

  Review: NH Family Court Rule 2.2 notes "Rules of Evidence do not apply in the Family Division". If evidence did apply, Ms. May's letters also said "Randy wants to protect his new family". It was never proven I threatened or intimidated anyone.

  **29. CLAIM (5):**  For accepting the opinions and claims of the mother and her family over that of the father in a biased/prejudiced way towards the Mother and against the Father[106]. As the court noted Ms. May's testimony is supported only by her family's letters, thus only by opinions. Therefore these are deprivations of rights to "due process of law"[5], for acting "to the Contrary" of these "fundamental principles"[133] of "due process of law"[5].

Review: These letters failed to support intent to harm or injure. These letters noted "Randy wants to protect his family". I was never found to be an unfit parent.

  **30. CLAIM (6):**  Deprivations of equal rights to "due process of law"[1,5] by accepting the opinions and claims of the mother and her family, such as letters from Mrs. May's family, as "evidence" without allowing the Father the ability to "Cross Examine" the "Witness(s)"[112], clearly acting "to the Contrary" of these "fundamental principles"[133] of "due process of law"[5] which require equal ability to "Cross Examine" Witnesses[113];

 For example claims by Ms. May that Mr. Collier brought a gun into her home without telling her[107] when there is no evidence of this and the officer who escorted him out reported no weapons in the home[108], casting doubt upon her testimony and allegations.;  Review: Ms. May's Police Report and her family's letters noted "Randy wants to protect his family from the evils of this world. The reasons he wants his guns frightens me".
Randy would always bring the conversation back to his right to own a gun. " Without proper mental health treatment, Randy's behavior will surely escalate and become dangerous".

Review:  Documents submitted by the opposing party noted I was not dangerous, and lacked a threat or intent to harm or injure. Ms. May told Mr. Collier "she does not want weapons in the home". I wanted to protect my family, and the reasons i wanted my gun was for protection, and this caused fear in Ms. May's family. Protecting a new family creates fear. I wonder what they would write if I actually intended harm, fear, intimidation, or intent to injure person or property.

**31. Claim (7):** Deprivation of rights on 2/25/14. The court extended protective order one year because "Under the unique circumstances of this case, in which the plaintiff reasonably hired counsel partly to act as an intermediary to communicate with defendant, reflects that defendant respected neither the plaintiffs expectation of privacy nor the courts order prohibiting direct contact, and therefore it constitutes good cause to extend the Protective Order which I hereby extended to February 2, 2015;

Review: No probable cause of a crime against Ms. May or T.C

**32. CLAIM (8):** Court Order on 2/27/2015, extending Protective Order 5 years, said: "The Respondents noted contact with the petitioner, notwithstanding her directly expressed desire for no contact and her directive that all communication should be to her representative counsel solely, underscores the Petitioner's position that the Respondent's actions of not responding to the Court's ordered mental health counseling, his disrespectful observance of the Petitioner's desires of sole contact be through her counsel, his obsessive use of postings which are troublesome, and his affinity to firearms especially in a relationship as exemplified by the December 18, 2014 posting of 'every missed bullet, gives much more than conjecture for the Court to base a five year extension of the Protective Order. Specifically, the Court finds these factors evidence a reasonable basis for the court to conclude that such conduct is good cause for further extension for five years (5) as the conduct constitutes a credible present threat to the Petitioner's safety and well-being.". By: "Judge James M. Carroll".

Review: Ms. May was not mentioned in this photo. The intent to cause harm, or significant bodily injury to Ms. May is not supported. Counseling was recommended because I haven't seen my son in over 77 days. Ms. May's allegations were unfounded and I was never found to be an unfit parent.

Deprivations of rights to "due process of law"[5] by using shared TV sitcom posts on Facebook as "evidence" to perpetuate this clearly unlawful "Protective Order"[114], acting "to the Contrary"[1] of these "fundamental principles"[133] of "due process of law"[5] in the N.H. State Law (i.e. 173B)[105] and "the supreme Law of the Land" (i.e. Amend.4,5,6,14,etc.)[1] which requires "probable" evidence[3] of "abuse"[105] (which must be an actual "crime" according to these "fundamental principles") for any such "searches or seizures" or "criminal prosecutions"[1] or to in any other way "infringe"[1] ones basic "rights" to "Life, Liberty, and the Pursuit of Happiness"[1]. ; Also this N.H. State law is from "TITLE XII: PUBLIC SAFETY AND WELFARE" which "Includes Chapters 153 - 174", not the "Criminal Code" here: "TITLE LXII: CRIMINAL CODE" which "Includes Chapters 625 – 651-F", therefore making this a "colorable law" "to the Contrary" of "the supreme Law".[105][115]

33. Regarding unconstitutional "standards of evidence" used in this case, the N.H. Law for "protective orders" requires "a showing of abuse of the plaintiff by a preponderance of the evidence", which by definition means "there is a greater than 50% chance that the claim is true." [www.law.cornell.edu/wex/preponderance_of_the_evidence][135], which is obviously the same "standard of evidence" as "probable cause" which "the supreme Law of the Land" (Amend.4 and U.S.Supr.Ct. "Precedents") requires for ALL "searches and seizures" and "In all criminal prosecutions"[1][US.Const.Amend.4&6], and because this State law requires evidence of "abuse", in other words an actual "crime", therefore the requirements for issuing one of these "protective orders" under this N.H. State law[105] must inherently be the same requirements for "criminal prosecutions" called "probable cause", and furthermore if there is enough evidence of an actual "crime" and this court does not prosecute it than this court commits an actual "crime"

such as "misprision" or "obstruction" or "miscarriage of justice", possibly even "treason to the Constitution", just like the US Supreme Court has stated in the past:

   34. "It is most true that this Court will not take jurisdiction if it should not; but it is equally true that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the Constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given than to usurp that which is not given. The one or the other would be treason to the Constitution. ..." [Cohens v. Virginia[127], 19 U.S. 264 (1821), https://supreme.justia.com/cases/federal/us/19/264/ ]

   **35. CLAIM (9):** The judge intersecting law with medicine (exceeding a Judges "Authority" where a professional "Psychiatric" Evaluation is defined as expert testimony) and denied a Motion for Modification of the Parenting Plan [121]. On 8/24/2017, "Mr. Collier submitted a psychiatric evaluation (dated 6/20/2017) which, based on his self report, finds no current need for treatment. It doesn't appear details of the case were discussed with the evaluator, thus, Mr. Collier's presentation is self authenticating and is no substitute for an objective review of what has actually occurred during the case. The psychiatrist also agreed with a previous diagnosis of an unspecified adjustment disorder, apparently mostly related to the litigation and anxiety about Mr. Collier's relationship with his son". "The geography itself would not permit a shared residential schedule. For the foregoing reasons, the court orders as follows. Mr. Collier's Motion for contempt and his petition to Change Court Order are Denied. The existing Orders shall remain in effect. This is a Final Order. Signed Michael Garner Circuit Court Judge.

Review: This is why "Diversity Jurisdiction" should apply in this case, and another reason why the Federal Court should hear this case. Modification of the protective order was denied because we live too far apart. Comprehensive psychiatric evaluations are not self reporting evaluations. The distinction is very clear if the court was actually looking out for T.C.'s best interest. The highest level mental health fitness test was completed with no issues found and modification of the courts hypothetical orders were denied. A clear violation of a fair and orderly hearing.

Blessing v. Freestone, that's not quite what they said,  it seems he is mistaken... because it says it is meant for them but there is a system to Govern those complaints... in the State... but when that fails the federal court has to take the case (28usc1443). Blessing v. Freestone: https://supreme.justia.com/cases/federal/us/520/329/
…
 but when the State fails or refuses to.... 28usc1443 on removing civil rights cases to federal courts... including when the State fails to provide remedy it's supposed to…
https://www.law.cornell.edu/uscode/text/28/1443

ArtIII.S1.6.4 State Court Jurisdiction to Enforce Federal Law, https://constitution.congress.gov/browse/essay/artIII-S1-6-4/ALDE_00013232/

The legal definitions of Comprehensive and Self Reporting Evaluations are not the same, thus proving bias findings. If the original orders were 'speculative' in nature only (quoting Judge James M. Carroll, Court Order on 2.24.2013),) then both professional medical evaluations in 2013 and 2017 superseded speculations (like that of this Judge). The court continued supervised visits for reasons that included: in case something happens, for T.C.'s comfort, his sincere misguided beliefs, to manage his emotions, so both parties can cooperate to solve

issues", until deemed not a threat physically or emotionally to T.C.". The Court kept their hypothetical orders for mental health counseling after " No recommended treatment" and " No concerns from a psychiatric perspective". Ordered to Mental Health counseling contrary to the evaluator's findings. Guilty of having personnel ideas and thoughts prevents me from having custody of my child.

See Original Court Ordered psychological evaluation 3/15/2013 "I do not believe Mr. Collier is a danger to himself or others, understands right from wrong, and appears oriented to reality". "Counseling recommended specific to alcohol and drugs, Ongoing visitation". An updated counseling document on 5/5/13 noted "Mr. Collier has some narcissistic personality traits which would not interfere with his ability to interact with his son. Counseling was recommended for no contact with his son in over 77 days". NPD 8/30/13 page 3: "Mr. Collier is not a danger to himself or others. Mr. Collier knows right from wrong, and appears oriented to reality". "Supervised visits to manage his emotions, understand other people's positions and provide a safe and healthy environment". Boston Children's Hospital Cardiac Neurodevelopmental program/ Harvard Medical School dated 12/11/2012 "He is doing remarkably well developmentally. All of his test results for the study project indicate developmental skills well within or above age expectations".

Order 11/8/15 page 1 " Mr.Collier's skype contact has apparently gone well" Page 2 "he testified he doesn't have the funds to travel to NC. Page 3 "The basic approach of a transitional parenting arrangement is consistent with T.C.'s best interest for several reasons: Mr. Collier's choice not to exercise supervised visits, negative attitude about counseling, leaving the court to conclude that professional supervision is necessary to ensure the relationship between T.C. and his father is not adversely affected by something that might happen during a visit. Third, Mr. Collier's sincere but misguided belief that he is purposely being deprived of his parenting time complex the conclusion that his visits should be supervised at least for there to be some clarification whether he can adequately protect T.C. from exposure to his anger about the judicial system and the specific orders already entered".

Review: Apparently I am not allowed to have feelings or beliefs or emotions when parenting my own child. I was denied access to evidence that is favorable to him, per Article 15 of the NH Constitution that Michael Garner took an Oath to protect.

11/8/15 Modified and Granted Parenting Plan page 2 of additional 8 pages " This professional counseling shall have a focus on appropriate and safe parenting skills for father so that he can progress to the next level of parenting time and does not pose a risk physically or emotionally to T.C. Once again without actual probable cause, I am a physical threat to my son.

2/10/2017 page 2: "He restated his claims that the Court has misunderstood or misused the conclusions from the mental health evaluations submitted previously in the case".

Review: I do understand there were no safety concerns raised or found Unfit.

36. (a) This is an infringement of rights to privacy without "due process" of "probable cause" and "criminal prosecution", which is required for all "searches and seizures" such as this;

37. (b) This is an opinion of a judge being used to justify this unlawful supervised visit restriction which seems clearly "inexcusable neglect" of the primary "duty" of any "Judge" to actually "establish Justice" when there is evidence of "Unconstitutional" acts such as these alleged herein. This response constitutes a failure to fulfill this Judges primary Contractual and

Constitutional Obligation(s) to insure there are not violations of "the supreme Law of the Land" once alleged as in this case;

38. (c) Maintaining his "memory of his good relationship with his father" also is not sufficient "evidence" for "probable cause" to justify any such "searches and [or] seizures" such as this infringement of Mr. Colliers equal Parenting Rights over his biological son (T.C.). ("In this context, it is even more important that Mr. Collier begin to have supervised visits with T.C., for at least three reasons: 1) it will ensure that T.C. does not lose memory of his good relationship with his father"(2) positive reinforcement progress can be made if all parties acknowledge and cooperate to solve the issues, (3)to give court insight about father son relationship". -Judge Carroll, Garner, Order on Pending Motions, 4.4.2013);

39. **Claim (10):** Denial of Due Process of law, 2/28/2020, Mr. Collier was found in contempt of court for having his cousin send a package to Ms. May containing a gift which Mr. Collier had purchased for T.C., resulting in an extension of the Protective Order for (5) Five Years more; Another example of a violation of Due Process here.

Review: Extending protective order 5 years without probable cause of a crime.

*Cannon v. Commission on Judicial Qualifications, (1975) 14 Cal. 3d 678, 694. https://law.justia.com/cases/california/supreme-court/3d/14/678.html, "Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process."

Review: It was never proven I threatened or Coerced anyone to do anything, at any time,

**40. CLAIM (11):** Denial of Due Process of law, "essential elements of due process of law...notice and opportunity to defend"[5], by denying an initial "Motion to Show Cause" (denied 2/6/2022), and a following "Motion to Reconsider" (denied 3/31/22, both in N.H. Family Court) which insisted that the previous court actions violated "due process of law", such as "probable cause", "Purpose of government", and three "elements" to a "crime", but without the Judge explaining how or why the previous court orders are not unconstitutional as alleged (The 2nd response basically said they don't believe they made any mistake, effectively saying they don't need to explain any reason(s) for dismissing my Case(s)!);

**41. CLAIM (12):** Court orders are not in "the best interests of the child". New Hampshire State law says: "461-A:11 Modification of Parental Rights and Responsibilities. – I. The court may issue an order modifying a permanent order concerning parental rights and responsibilities under any of the following circumstances: …"

See Order 8/30/13 " Ms. May's Proposed Parenting Plan is somewhat complex, but has the virtue of transparent detail, and it is probably more detailed than the plan the court might impose, and this is positive, because Mr. Collier will be able to understand exactly what is expected of him, and, with patients, he may well be able to progress according to the plan". "Ms, May is awarded sole decision making responsibilities for Trey because of the domestic violence protective order, which effectively prevents the parties from communicating with each other…".
The summer of 2015 Laconia Family Court granted Ms. May to relocate away from New Hampshire to North Carolina. See Order 11/8/15 page 10 " The Parenting Plan is of significant restriction even for the normal long distance plans".

The Court granted May's parenting plan that was somewhat complex, more detailed than the plan the court might impose and of significant restriction with no probable cause of an actual crime. Due Process means a fair hearing.

42. "(b) If the court finds repeated, intentional, and unwarranted interference by a parent with the residential responsibilities of the other parent, the court may order a change in the parental rights and responsibilities without the necessity of showing harm to the child, if the court determines that such change would be in accordance with the best interests of the child."

43. "(c) If the court finds by clear and convincing evidence that the child's present environment is detrimental to the child's physical, mental, or emotional health, and the advantage to the child of modifying the order outweighs the harm likely to be caused by a change in environment. ..." - https://law.justia.com/codes/new-hampshire/2020/title-xliii/title-461-a/section-461-a-11/

44. Now obviously not having equal parenting time with both parents is not in "the best interests of the child". And the child's Mother (Hillary May) in this case seems to be doing all she can to obstruct the Fathers ability to spend time with his Son, which seems clearly not in "the best interests of the child", from denying time with T.C. (before any court order allowing such, directly violating Mr. Collier's parental rights), to denying skype twice (against her own plan), as well as returning gifts multiple years in a row, and trying to prevent Mr. Collier's family from speaking to T.C. about his dad (but it wasn't in bad faith the court said.). Other examples include Mrs. May asking for and being granted an overly restrictive parenting plan, her moving 700 miles away, and filing motions that state "Mr. Collier Continues to Display Significant Mental Instability Causing Plaintiff Fear", after both mental health evals disproved these allegations. Also see, on 1/17/2014, Petitioner's Motion to Extend D.V. Final Order of Protection, Page 2 number 2 "Respondent Continues to Display Significant Mental Instability Causing Plaintiff Fear", Part 2 letter D "It is apparent that the Respondent is obsessed, paranoid and delusional. Also see, Page 7 part 4 "Respondent Continues to Display Obsessive Behavior", Page 8 number 5 "Respondents' mental instability has not improved and may in fact worsened". Also see, 1/8/2015 Petitioner's Motion to Extend D.V. Final Order, page 3 "Defendant Continues to Display Significant Mental Instability Causing Plaintiff Fear", Page 15 part F "Defendant Continues to Display paranoid and Obsessive Behavior", and Part G "Plaintiff Continues to Fear for her and the minor child's safety". Also see, September 27, 2023 Plaintiff's Objection to Motion to Vacate Civil Order of Protection, page 5 " Defendant Continues to Display Significant Mental Instability Causing Plaintiff Fear", and Page 7 number 27 " Plaintiff Continues to Fear For Her and The MInor Child's Safety".

45. For these reasons it is clear that any Public Servants ('Judges' etc.) who even "neglect to prevent" such a "deprivation of rights under color of law" as these previous court actions or orders described above, are also personally liable under "the supreme Law of the Land", under federal civil and criminal laws starting with the "Constitution for the United States of America" and US Supreme Court "Precedents", and US Codes like USC 18-241 & 242 and 42-1983 & 1986 for examples;

46. Therefore it is required by "the supreme Law of the Land" that this court (a) clearly declare on public record how "fundamental principles" of "the supreme Law" and "common law" should be applied in cases like those described herein, and (b) for this Plaintiff (Mr. Collier) to be awarded equitable compensation for violations of his rights (similar to in Hogan v. Cherokee County case, where a jury awarded "compensatory damages to the Plaintiff Brian Hogan in the amount of $1,500,000" and his daughter "$3,100,000"!);

47.  Said previous court orders should then be "Modified" by the proper court(s) so any Judge(s) therein do/does not likewise become liable for continuing this "pattern or practice" of "deprivation of rights under color of law" and possibly even "treason to the Constitution"! (Quoting US.Supr.Ct. Cohens v. Virginia[127];  See USC 2381. Charges this Judge could likewise possibly face as well if failing their duty here in this case).  "Rooker-Feldman, we emphasized, does not block claims that "require some reconsideration of a decision of a state court" if the plaintiff presents "some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." Id. (quoting Exxon Mobil, 544 U.S. at 293).";

48. **CLAIM (13):**  NH Judicial Conduct Committee is apparently composed of the same Judges that comprise the NH Supreme Court, therefore when Complaints submitted (by this Plaintiff) against them were dismissed, it seems clearly due to a "conflict of interest" as the cause. The NH Supreme Court Judges make the rules for all the NH Courts and are their own "Conduct Committee" thereby failing to provide an effective "system of checks and balances".  We hereby argue that, "good-faith errors of fact or law" as in NH Supreme Court Rule 2.2 should NOT apply to Mr. ('judge') Garner's actions in this case (allowing him to gain immunity from liability) because we hereby argue they do not constitute "good-faith errors of fact or law" as required in said Supreme Court Rule 2.2. See "Rules of The Supreme Court of the State of New Hampshire", "Rule 2.2 Impartiality and Fairness", which says "a judge must be objective and open-minded." However, "good-faith errors of fact or law… do not violate this Rule."  This Plaintiff hereby argues that Judge Garner in cases mentioned in this notice of claims, "reasonably should have known" he was acting "to the Contrary" of "fundamental principles" of "the supreme Law of the Land" and "common law" as explained herein (quoting Case-Law on "immunity", and US.Constitution). https://www.courts.nh.gov/rules-supreme-court-state-new-hampshire/rule-38-code-judicial-cond uct/canon-2/rule-22-impartiality. Note these are sub-rules inside "Rule 38. Code of Judicial Conduct", and not the actual "New Hampshire Rules of Evidence" here: courts.nh.gov/rules-evidence;

49. Furthermore, "Rules of the Circuit Court of the State of New Hampshire -- Family Division", "Rule 2.2 Application of New Hampshire Rules of Evidence", is entirely different, and says "The New Hampshire Rules of Evidence do not apply to the actions listed above. However, the Court in its discretion may utilize the New Hampshire Rules of Evidence to enhance the predictable, orderly, fair, and reliable presentation of evidence." The "actions listed above" refers to many Family matters listed in Rule 2.1, which says "These rules apply to divorce, legal separation, and parenting actions, and serve as guidance for the other case types listed above.". So This Plaintiff hereby argues this is "unconstitutional" to conduct these "Family Division" "Circuit Court" hearings without "Rules of Evidence" applying, because these Courts thereby act "outside" of "Constitutional Law". Also this Plaintiff states that conducting these Court hearings without "Rules of Evidence", seems clearly to violate the "good-faith" requirement in the "Rules of The Supreme Court" (also Rule 2.2, see above).https://www.courts.nh.gov/rules-circuit-court-state-new-hampshire-family-division/rule-22 -application-new-hampshire-rules.

50. Also it appears these "Circuit Court(s)" were created not by the State Constitution as required to be a valid "Court of Law" but by Statute, possibly making all their Orders and actions "in legal contemplation as inoperative as though it had never been passed" (US.Supr.Ct., Norton v. Shelby). See testimony from Paula Werme in the NH Congress on this point, on 5/02/23. See "House Special Committee on the Family Division of the Circuit Court (05/02/23)", https://www.youtube.com/watch?v=jVjJumYj6_w (see 2hrs and 2h17m, Randall Collier and

Paula Werme speaking). Perhaps this may also be useful here on this point: "...AN ACT establishing the New Hampshire circuit court to replace the current probate courts, district courts, and judicial branch family division. ... Approved: May 16, 2011", "Effective Date: July 1, 2011", https://www.gencourt.state.nh.us/legislation/2011/HB0609.html;

The CoChair of the Judiciary stated in a recent healing, Family Court is an Unconstitutional court

**Judicial Complaints mentioned herein (x3) were dismissed with no action taken** to correct conduct of judges complained of. (See "TIMELINE" herein below, x3 Complaints: JC-14-0313-G, JC-17-057-G, & JC-20-031-G). So, we found in this House Judiciary Hearing on 01/17/2024 (see link below), at 4hr10min50sec it talks about forming the committee (created by court rule), and the commission (created by legislature), essentially created similar but different, with authority to discipline judges and suspend them.  So while the legislature can impeach judges, and the senate would try the case, for lesser kinds of violations the judiciary disciplines its own (like legislature). (See: https://www.youtube.com/watch?v=bRBjoHcXrek, esp. at 4hr9min37sec, the select committee noted they just set up a committee to study the Family Courts.  Then State Rep. Kuttab says that was to look into possible "irregularities", times when policies might not have been used, or the Legislature needed to correct them but not to look at specific cases or Judges, as that part is not their responsibility).;

At 4h10m50s the video says this "Judicial Commission" would have had authority to discipline judges, then at about 4hr12min to 4hr12min35sec, Representative Katelyn Kuttab stated the NH Judicial Conduct "Committee" was created by Supreme Court Rule, whereas the Judicial "Commission" was formed by Legislation, thus in 2004 was deemed unconstitutional by the N.H. Supreme Court (4h6m to 4h13m). See "2003-798, PETITION OF THE JUDICIAL CONDUCT COMMITTEE":
https://www.courts.nh.gov/our-courts/supreme-court/orders-and-opinions/opinions/2004
https://www.courts.nh.gov/sites/g/files/ehbemt471/files/documents/2022-05/2004079judicial.pdf ;

At 4hr12min50sec, is where the video mentions how the Judicial "committee" was established by Rules of the Court (made by NH Supreme Ct), not by Legislation or The N.H.Constitution, and the Judicial "commission" was never actually formed as established by law.  N.H. Supreme and Superior Courts are established by the N.H. Constitution, unlike the "Circuit Courts" or "Family Division Courts" in N.H.;

Plaintiff (Randall Collier) speaks at 4hr13min40sec, and again at 5hr9min50sec.;

Then after 4hr59min50sec, the video mentions a Constitutional Amendment put in by the People, 76 A or B, which said:  "courts can make administrative laws and rules about their people", but then they added:  "and it will have the force of law. So effectively they became legislatures" themselves;

Erin Kregan is the General Counsel for the Judicial Branch. General Counsel mentions "The Judicial Conduct Commission was confusing litigants because it had the same initials as the Judicial Conduct Committee". The General Counsel also mentioned "The Commission was Unconstitutional because it was made from Statute". Circuit Court is also made from Legislation making it Unconstitutional too. Family Division of Circuit and any Orders arising from it lack Subject Matter Jurisdiction and Constitutional Law Protections. This wasn't mentioned to the Judiciary at this time. Also mentioned was "how civil court is not meant to be punitive but in Civil

Court, it is the plaintiff's responsibility to vindicate his rights, and in Criminal Court, the burden of proof is much higher". Civil court is a much lower threshold". (why do my Rights evaporate in Civil Court?) See Claim 1.

NH Supreme Court is a Constitutional Court and makes the rules for all the NH Courts. The Judicial Conduct Committee is an office within the NH Supreme Court. The Committee is supposed to oversee the conduct of the NH Court Judges. I have a Judicial Conduct Committee documented response from this year (2024) noting they do not have jurisdiction over Administrative Court judges. Why is the NH judicial branch advising "We The People"to the Committee for complaints when they do not have jurisdiction to hear the complaints? Why were my complaints dismissed and denied, instead of just being returned to me with the proper and correct reasons? Why is the NH Judicial branch misleading "We The People"?

The Judicial Conduct Commission was created on paper only and never implemented and there were no sitting members. This Commission was supposed to have the ability to reprimand the judges including but not limited to removal and to disbar them. It was Originally created as the checks and balances of the government with Legislative oversight. The NH Judicial Branch doesn't refer citizens to the Judicial Conduct Commission for complaints against the judges because it doesn't exist. Testimony "of being confusing to the litigants" from the General Counsel appears to be intentional deceit. If only one body is offered to "We The People" for complaints, how can two bodies be confusing if the second body doesn't exist? It also appears there is no direct oversight of Administrative Court Judges. My Natural Parental Rights are restricted with no evidence to support probable cause of a crime. This is the catalyst to my complaint.

House Special Committee on the Family Division of Circuit Court meetings on: Youtube 4/5/23, 5/2/23, 5/9/23, 5/16/23, 10/10/23, 10/17/23, 11/9/23, 11/26/23.

**51. CLAIM (14):** Court Cases have decided that "Child Support" must be "voluntary" and it cannot be imposed against a parents will, because that is "unconstitutional". See the following: 45 CFR 303.5 says child support is voluntary. The word "voluntary" shows over 20 times here: "45 CFR § 303.5 - Establishment of paternity.", https://www.law.cornell.edu/cfr/text/45/303.5. "Child support is unconstitutional": https://www.youtube.com/watch?v=cmSAQhSxlXl https://www.youtube.com/watch?v=wTdmnbdMlT0

https://www.cachildsupporteducation.com/blog/child-support-is-unconstitutional Holmburg v. Holmburg.

SCOTUS has repeatedly said that the merits of a case in one state MUST BE recognized in another.

So, to take it to state/federal court, to litigate, would be USC 42 1983 (and maybe 1981 and 1982).

...

Unconstitutional Family courts "The court system kidnaps our children and deprived parents of their constitutional rights by torturing and enslaving a parent. The system causes horrible psychological damage to both children and parents. These children and their parents are condemned as a result of a judge's discretion whereby children are used to extort money from parents through the child support system." by doing so ; According to data from 2022, there are approximately 18.3 million children across America who live without a father in the home, comprising about 1 in 4 …May 15, 2023.

Children from a father-absent home are also more likely to become depressed, have suicidal thoughts, anxiety, social withdrawals, and school absences.

Therefore, Fatherless Children have 71% dropping school , 90% run away, 85% end in prison!
https://www.nolongerfatherless.org/statistics

Federal Law/Code(s) regarding Title IV-D Child Support program(s):
https://www.ssa.gov/OP_Home/ssact/title04/0400.htm

how Judges are paying their retirements off increasing/compounding interest on Child Support,
the whole system is corrupt,, titled:  "45 cfr 302.32 IV-D contracts overview"... like on this FB
Post: https://www.facebook.com/100094580821983/posts/210783612084332/

45 CFR § 302.34 - Cooperative arrangements.
https://www.law.cornell.edu/cfr/text/45/302.34

§ 302.32 Collection and disbursement of support payments by the IV–D agency.
https://www.law.cornell.edu/cfr/text/45/302.32

https://www.acf.hhs.gov/archive/css/policy-guidance/final-rule-title-iv-d-social-security-act-child-s
upport-enforcement

Also consider adding: "familial association", a right for parents to communicate privately with
their children, under the 1st and 14th Amendments, as discussed in this Class Action suit in
California US District Court here: https://www.facebook.com/watch/?v=1077681523603561

"IV-D Agency means the single and separate organizational unit in the State that has the
responsibility for administering or supervising the administration of the State plan under title
IV-D of the Act."
https://www.law.cornell.edu/cfr/text/45/301.1
https://www.law.cornell.edu/topn/old_age_pension_act
https://www.law.cornell.edu/definitions/index.php?width=840&height=800&iframe=true&def_id=b
4ef4ba5c6baebdb319dc46b414eb9a0&term_occur=999&term_src=Title:45:Subtitle:B:Chapter:II
I:Part:302:302.34

**MORE RELEVANT SOURCES OF AUTHORITY:**
"That, child support is a civil matter and there is no probable cause to seek or issue body
attachment, bench warrant, or arrest in child support matters because it is a civil matter. The use
of such instruments (body attachment, bench warrants, arrests, etc) presumably is a method to
"streamline" arresting people for child support and circumventing the Fourth Amendment to the
United States Constitution, and is used as a debt-collecting tool using unlawful arrests and
imprisonment to collect a debt or perceived debt."... "There is no escaping the fact that there is
no probable cause in a civil matter to arrest or issue body attachment." See, U.S. v. Lewko, 269
F.3d 64, 68-69 (1st Cir. 2001)(citations omitted) and U.S. v. Parker, 108 F.3d 28, 31 (3rd Cir.
1997).
https://fathersunite.org/ChildSupport/fighting_contempt_for_nonpayment_of_Child_Support.html
UNITED STATES v. LEWKO (2001):
https://caselaw.findlaw.com/court/us-1st-circuit/1332392.html
U.S. v. Parker (1997): https://casetext.com/case/us-v-parker-158

how Judges are paying their retirements off increasing/compounding interest on Child Support,
the whole system is corrupt,, titled:  "45 cfr 302.32 IV-D contracts overview"... like on this FB
Post: https://www.facebook.com/100094580821983/posts/210783612084332/

45 CFR § 302.34 - Cooperative arrangements.
https://www.law.cornell.edu/cfr/text/45/302.34

United States v. Rylander, 460 U.S. 752 (1983), "Explaining that "criminal contempt
proceedings, unlike civil contempt proceedings, require such protections as the sixth
amendment right to counsel". Under U.S. v. Rylander ignorance of the order or the inability to
comply with the order, or as in this case, to pay, would be a complete defense to any contempt
sanction, violation of a court order or violation of litigant's rights.

Every U.S. Court of Appeals that has addressed this issue, has held that child support/spousal
maintenance is a common, commercial (and civil) debt. See, U.S. v. Lewko, U.S. v. Parker, Allen
v. City of Portland (1995), the Ninth Circuit Court of Appeals (Citing cases from the U.S.
Supreme Court, Fifth, Seventh, Eighth and Ninth Circuits)"by definition, Summary of this case
from U.S. v. Taylor: https://supreme.justia.com/cases/federal/us/460/752/ &
https://casetext.com/case/us-v-taylor-476 & https://casetext.com/case/allen-v-city-of-portland ;
https://casetext.com/case/paff-v-kaltenbach

"The use of such instruments (body attachment, bench warrants, arrests, etc.) presumably is a
method to "streamline" arresting people for spousal maintenance and circumventing the Fourth
Amendment to the United States Constitution, and is used as a debt-collecting tool using
unlawful arrests and imprisonment to collect a debt or perceived debt.

There is no escaping the fact that there is no probable cause in a civil matter to arrest or issue
body attachment. "Probable cause" to arrest people requires a showing that both a crime has
been, or is being committed, and that the person sought to be arrested committed the offense.
U.S.C.A..Const.Amend.4. In the instant case, no probable cause can exist, because the entire
matter has arisen out of a civil case.

Therefore, seeking of body attachment, bench warrant, or arrest by the Petitioner (and her
attorney), and/or issuing of the same by the court in this civil case would be against the law…".
Owens v. Zucker 2019:

https://www.supremecourt.gov/DocketPDF/18/18-7897/99608/20190514113000722_00000001.
pdf

**52. CLAIM 15:** The N.H. Supreme Court dismissed both Parenting Plan appeals and my
(Notice of Claim/Writ of Certiorari, Case No. 2023-0214) of these Family Court decisions
(infringing his parental rights by enforcing that 'unconstitutional' 'protective order'), as well as a
2nd "Motion to Reconsider" (Denial of 1st "Writ of Certiorari"), without giving any reason(s),
effectively saying they can do as they wish and do not need to explain why, which seems a clear
violation of their "duty" above all "to establish Justice… and secure the Blessings of Liberty to
ourselves and our Posterity" (US.Const.)!  Here this Miller v. Todd case is an example of a
similar case which was accepted, just like this Plaintiff is arguing his previous cases should have
been for the same reasons:

https://www.courts.nh.gov/sites/g/files/ehbemt471/files/documents/2021-09/20190030.pdf

## TIMELINE OF EVENTS:

Three (3) Laconia, NH Police reports were generated / created prior to the 5 page Domestic
Violence Petition.

11/18/12, "there was a verbal disagreement about his civil right to have a gun for protection as
his constitutional right". May stated "there was no physical contact between them and I did not
observe any evidence of assault.".

11/23/12, "Ms. May reiterated the information I received from Mr. Collier earlier". Police did not view Collier as a threat, just 2 people with different views, Ms. May confirmed "no threat or harm in any way"..;  Ms. May was fearful Mr. Collier went to Keene to get his gun and bring it home". May told Mr. Collier, "she does not want weapons in the home".

12/02/12, I called Mrs. May to inquire if she had been able to resolve any of her concerns. May stated Collier agreed to see a counselor and they are taking it one step at a time. "There will be no further police assistance with this request, an emergency order of protection was not required and the situation is in process of being resolved";

12/13/12, Collier served at the residence. I read him the order and he stated he understood. Collier said he did not own any weapons and I checked the home with negative contact and Collier left on foot;

## 12/13/12, Plaintiff (Mr. Collier) was escorted off the property and away from my son. Today is 03/19/24. 11 years and counting with custody of my son.

12/13/12, 5 page Domestic Violence Petition, based upon allegations of "harassment", "abuse", "threatening", without "probable cause", or any actual "criminal prosecution"; 11 days after the police noted "an Emergency Order of protection was not required", the allegations from Ms. May in her 5 page DVP was "while I was in the courthouse, I learned a neighbor saw Mr. Collier secretly bring a weapon/ gun into the house without telling me". "Mr. Collier is disassociated with reality, paranoid, erratic, inconsistent, volatile, unstable, hurt our son's development, obsessed with the truth, and guns. It started at the election and has truly escalated since thanksgiving".

12/13/12, Officer Benjamin C. Black escorted Randall from residence with "negative contact" (no firearms or weapons found), despite her (Hillary May's) fear there was a gun in her house, none was found when police escorted Randall from residence.;

12/18/12, Ms. May reassured the court she wasn't threatened or intimidated to withdraw the Domestic Violence Petition, and a no contact letter served by Ms. May requested Mr. Collier has no further contact with her or T.C. and she is in the process of filing a parental agreement. This is despite the (shared child and equal parental responsibilities);

1/24/13, Stalking / Parenting Petition and DV Temporary 'Protective Order';

1/27/13, page 2 Order from 1/24/13 hearing, 'Order after hearing on request for emergency relief',:
The records reflect that both parties were actively involved in the visit and T.C. interacted well with each of them during the visit". The statements from third parties submitted by Mr. Collier reflect "that this was a happy family and that Mr. Collier and T.C. were very close and Mr. Collier appeared to take good care of T.C.".   page 3 "There are no concrete threats from Mr Collier either towards Ms. May or towards T.C.. Nor do the text contain any specific inferences that Mr. Collier intends to take T.C. away from Ms. May or take him into the woods". page 4: Mr. Collier's statements and behaviors reflecting these growing beliefs are worrisome and scary to Ms. May, who now doubts his capacity to provide a safe and nurturing environment for T.C., not because he lacks the skills, but because he is distracted and scattered by these external worries." " For the purpose of this Order, the court has not taken the allegations into account except to note that the Petition does not allege any overt threats or specific acts of violence".  Review:  Ms.

May advises the Administrative Court instead of a Criminal Court (through a Domestic Violence Petition) she is worried that I am distracted, not that she was an injured party.

2/1/2013, hearing for 'Domestic Violence Final Order of Protection', see below 2/4/13.;

2/4/13, "DOMESTIC VIOLENCE FINAL ORDER OF PROTECTION" issued (4pgs). This order of protection is in effect from 2/4/13 until 2/03/14.;

2/4/13, "FINDINGS OF FACT FOR DOMESTIC VIOLENCE FINAL ORDER" (2 pgs.).  A "DOMESTIC VIOLENCE FINAL ORDER OF PROTECTION" was issued by the court on Jan 24, 2013. "The parties are involved in a concurrent parenting litigation with this court. The Petitioner appeared for the Final Hearing with counsel and the Respondent appeared pro se.".  "The petitioner testified that the Respondent has become disassociated with reality".  "The Petitioner testified that the training of the dog is abusive in the use of physical force to teach the dog.  The Petitioner fears that the Respondent will use those kinds of training tools against their son as he gets older."  "The Petitioner submitted a physician's wellness examination of T.C. which shows the boy is doing fine."  Apparently the order on 2/4/13 refers INCORRECTLY to one on 1/24 when it SHOULD refer to the hearing on 2/1/2013 instead, FYI.;

3/15/2013 Completed a Family Court ordered Psychological evaluation. The findings included "Mr. Collier knows right from wrong, appears oriented to reality, not a danger to self or others, counseling recommended specific to alcohol and drugs.; Review, recommendations have nothing to do with the allegations against me. This recommendation (only) is professional testimony and proves I am a fit Parent.

4/04/2013 page 2 "He consistently requests, then demands that she compromise with him, but there is no evidence of any revolving position on his part. See email from Ms.May's paralegal DMayo " You keep asking for her to compromise. What compromises would you like Ms. May to make? She will never agree to 50/50 custody with you. What would you propose the outcome of this case to be? "  Review: medical records contradict allegations, no probable cause of intent to injure.

5/05/2013 letter from Daron Friedman, MA, LCMHC, MLADC " Since Mr. Collier completed his evaluation (03/15/2013) he has been actively participating in counseling. Mr.Collier is facing a number of very difficult issues, some related to the deterioration of his relationship, recent difficulties related to employment, a new living situation, and the loss of his son (no contact in over 77 days). Given the information available to me at this time I would recommend Mr. Collier attend counseling. The frequency and duration of treatment would need to be explored over time". Review: Again only recommended and only because of the allegations, not to support the allegations. Again, No findings of being an unfit father.

8/30/2013, Narrative on Parenting Decree case number 650 2013 DM 10 page 6 " Taken along with the need for continued counseling reflected in Mr. Collier's own psychological evaluation, these factors suggest Mr. Collier's parenting time should continue to be supervised until there is evidence he can manage his emotions, understand other people's positions, and adequately provide a safe and healthy environment for his son. Ms. May's Parenting plan is somewhat complex, but it has the virtue of transparent detail, and it is probably more detailed than the plan the court might impose, and this is a positive, because Mr. Collier will be able to understand exactly what is expected of him, and with patience he may well be able to progress according to the plan". Ms. May is awarded sole decision making responsibilities of T.C. because of the Domestic Violence protective order, which effectively prevents the parties from communicating

with each other, and because the court doubts Mr. Collier's present capacity to communicate with Ms. May in a civil and healthy way, given his pleadings to date". Review: Counseling was recommended because of the allegations, not to support the allegations.

2/25/14 Ms. May testifies the defendants failure to comply with the court orders that he not file duplicative or frivolous motions as evidence that he is unable to comply with orders and concludes from that he presents a continues danger to her, the court does not agree that his relentless filings reflect an intent to inflict fear on the Plaintiff, rather they reflect his determination to change court order by repetition of same allegations"  The court extended protective order one year because " Under the unique circumstances of this case, in which the plaintiff reasonably hired counsel partly to act as an intermediary to communicate with defendant, reflects that defendant respected neither the plaintiffs expectation of privacy nor the courts order prohibiting direct contact, and therefore it constitutes good cause to extend the Protective Order which Ihereby extended to February 2.2015. Review: Order 2/4/13 The Court noted Ms. May was in reasonable fear without actually being an intended target of harm or ill intent. Defending oneself by writing words on paper creates fear in the person making the allegations. The court noted "the plaintiff hired counsel to communicate with the defendant". If defending oneself creates fear in the person making the unfounded allegations, I am not the one that needs professional assistance.

2/27/2015, "The court and our Constitutions' guarantees of Due Process for each litigant are preserved for the parties to exercise their rights to be heard regardless of forum or venue. The petitioner has found the Respondent to be irrational with his representations on social media. Counsel argues that the change of address, resulting in his residency, a community in close proximity to the petitioner's community created further apprehension on the part of the petitioner, the petitioner did not cite such apprehension". The court noted that the Protective Order extension request is in no way intended to prohibit the Respondent from contacting his son. The court has detailed a process of contact between the respondent and his son. The court has ordered the Respondent to initiate contact with his son in a supervised setting. Respondents actions of not responding to the court orders mental health counseling, his disrespect observance of petitioners desire of sole contact be through her counsel, his obsessive use of postings which are troublesome and his affinity to firearms especially in a relationship as exemplified by the december 18,2014 posting of " every missed bullet gives much more than conjecture for the court to base a five year extension of the protective order. Specifically the court finds these factors evidence a reasonable basis for the court to conclude that such conduct constitutes a credible present threat to the petitioner's safety and well being".  The court has taken all of these considerations into determination that the protective order is to be extended for five years". (See Claim 8)

Review: The Administrative Court Guarantees Due Process by denying access to evidence? We didn't agree on anything and I didn't sign any contract. If Ms. May is not named as the intended target of harm in the photo, there is no credible threat as this does not meet the state statute even used against me. One can not Guarantee Due Process and have Rule 2.2 " Rules of Evidence do not apply" . So, there is no evidence submitted to meet the elements of criminal statutes.
A fair and orderly hearing concluded with a significantly restricted, complex and detailed parenting plan in favor of Ms. May after her allegations were unfounded. This appears fair and orderly and in the best interest of the minor child.

8/30/13 NPD page 6 " Taken along for the need for continued counseling reflected in Mr. Collier's own psychological evaluation, these factors suggests that Mr. Collier's parenting time

should continue to be supervised until there is evidence that he can manage his emotions, understand other people's positions, and adequately provide a safe and healthy environment for his son". See 5/5/13 updated counseling document " counseling recommended because it has been over 77 days without seeing his son". Why doesn't the Order match the medical records that were submitted? If the Domestic VIolence Petition allegations were unfounded by the medical records, how would anyone understand that person's positions? This idea by the court I objectively am in need of supervised visits to cooperate with false allegations. However the alledger who gave false allegations gets Sole Custody and Decision making over T.C. This is a fair and Orderly Decision and in the best interest of the MInor child? Why is Evidence not needed to restrict parental rights? Our rights don't simply evaporate.

Definition of Credible Threat: "A threat made with intent and the apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his safety. The threat must be against life, or a threat to cause great bodily injury to a person".

04/2015 Ms. May's Letter of intent to Relocate to North Carolina within 60 days. See Claim 9 08/24/2017 "The distance wouldn't allow for shared residential schedule".

11/8/15 DM 10 page 4 "Second, the transitional period including supervised visitation is designed to take place over a period of 4 years before Mr. Collier would have one weekend a month two overnights of parenting time unsupervised with T.C. and would not be able to to have parenting time with T.C. in NH for almost 6 years. This is a lengthy period of time of significant constriction of the normal parenting relationship even for long distance relationships, begging the question whether risks warrant such an extension of time, particularly when, per the parties reports, the visits and calls have all gone well". Up to this point, no threats or violence in the 5 page DVP, no harassing text messages were submitted, both father and son's medical evaluations contradict the allegations brought forth by Ms. May,and all calls and visits have gone well.
Awarded Modified Parenting Plan 11/08/15 page 2 of 5 of the additional pages " This professional counseling shall have a focus on appropriate and safe parenting skills for the father so that he can progress to the next level of parenting time and does not pose a threat physically or emotionally to T.C." No evidence noted by the court to support probable cause of being a threat to T.C. Review: See Order 8/30/13 "Ms. May's parenting Plan is somewhat complex but has the virtue of transparent detail, and it is probably more detailed than the plan the court might impose, and this is a positive because Mr. Collier will be able to understand exactly what is expected of him, and with patients he may well be able to progress according to the plan". Why are there any expectations of me from the State when no crime was committed?

8/24/2017 Motion to Modify Parenting Plan Denied. See Claim Nine (9) Review: Three (3) different medical evaluations have now contradicted the allegations. Why deny modification if these are the facts?

2/28/2020, Mr. Collier was found in contempt of court for having his cousin send a package to Ms. May containing a gift which Mr. Collier had purchased for T.C., resulting in an extension of the Protective Order for (5) Five Years more; Review: It was never proven in a Court of Law I threatened or coerced anyone to do anything.

2/28/2020, Mr. Collier to pay $2,808.13, for an arrest warrant issued by Belknap County, Family Court, 4th Circuit Court, N.H., due to not paying Court Ordered Lawyer fees, which is a violation of "Debtors Prisons" laws, which prohibit imprisonment for debt ('except in cases of fraud' in some Constitutions);

3/2/2022, This North Carolina arrest warrant here was issued by Wake County, Family Court, N.C., due also to not paying legal fees, therefore "unconstitutional" See File Number 19CVD3939 Family Court Civil Order for Arrest

The Fourth Amendment prohibits law enforcement officers from arresting citizens without probable cause. See, Illinois v. Gates, 462 U.S. 213 (1983), therefore, no body attachment, bench warrant or arrest may be issued. Illinois v. Gates:
https://supreme.justia.com/cases/federal/us/462/213/

"By definition, probable cause to arrest can only exist in relation to criminal conduct; civil disputes cannot give rise to probable cause. U.S.C.A. Const.Amend. 4.":
https://uk.practicallaw.thomsonreuters.com/

If a person is arrested on less than probable cause, the United States Supreme Court has long recognized that the aggrieved party has a cause of action under 42 U.S.C. §1983 for violation of Fourth Amendment rights. Pierson v. Ray, 386 US. 547, 87 S.Ct.1213 (1967).
https://supreme.justia.com/cases/federal/us/386/547/

"Harlow v. Fitzgerald, 457 U.S. 800, 818, there can be no objective reasonableness where officials violate clearly established constitutional rights such as– (a) United States Constitution, Fourth Amendment (including Warrants Clause), Fifth…":
https://supreme.justia.com/cases/federal/us/457/800/

5/09/2022 NH District Court Deprivation of RIghts Under Color of Law Civil Complaint

1/3/2023, New Hampshire House Bill 185, Introduced on January 3 2023, passed in House 1/3/2024:  https://legiscan.com/NH/bill/HB185/2023

1/31/2023 NH District Court Case Dismissed

2/21/2023 NH District Court Case Closed

  3/28/2023, Testimony at the State House (This is a public hearing so everyone can see).  See, "Select Committee" Testimony and Justice (Mr) Michael Garner's speech, about "Rules of Evidence don't apply in Family or DV cases", due to lack of trial by jury (which is just another violation of Constitutional due process of law here), and that judges are the "gatekeeper for what they hope is reliable information", at the 44 minute mark here:
  House Judiciary & Children and Family Law Joint Committee Meeting (03/28/23):
https://www.youtube.com/watch?v=vbFOdcRT_XA ;
  After Michael Garner warned the Legislative body about altering their practice, they made a bill that requires rules of evidence in family court. See NH hb499, Rules of Evidence to apply in Family Cases (Will be voted on Jan.3):
https://legiscan.com/NH/bill/HB499/2023 ;
  House Special Committee on the Family Division of the Circuit Court (05/02/23):
https://www.youtube.com/watch?v=jVjJumYj6_w ;
  House Special Committee on the Family Division of the Circuit Court (05/16/23):
https://www.youtube.com/watch?v=TppRpmPCm7U ;

4/14/2023  NH Supreme Court Writ of Certiorari

6/26/23 NH Supreme Court Motion For Reconsideration of Denial of Petition for Writ of Certiorari

12/19/2023, NH Family Court. Ms. May must be present at the next NH Family Court hearing on 1/10/24 to enforce the Protective Order, in response to her recent motion to remotely attend the next hearing to enforce it.

4/16/2024 Order on Pending Motions. This is a Final Order ( Motion to dismiss protective order) Page 1 mentioned" the evidence submitted in the DV case" and then mentions on page 6 there was no evidence.

page 4 "Ms. May had to be present in the 1/10 hearing to hear her motion on violating the protective order and to order a capias". "At the onset of the January 10th Hearing I Declined a copy of the federal Lawsuit against me from Mr. Collier". The Attorney General's Office has since accepted service.

Page 5 " The Family Division has Subject Matter Jurisdiction to enter Civil Protective Orders" Paragraph 2 "The Court had authority to hear the case, both parties were heard at each stage, and the proceedings complied with Due Process".

Page 5 "how the parenting case has nothing to do with the DV Order". Review the 8/30/13 NPD page 6 notes "Ms. May is awarded Sole decision making responsibility of T.C. because of the Domestic Violence Protective Order" see also claim 9 on page 18 where Judge Garner noted "the geography would not permit a shared parenting agreement". So, if she lived closer, would he have granted the motion to dismiss the protective order? It appears he would have.

Review: No possible way to communicate with Ms. May in regards to exchanging T.C between the parties with the DV order in place. And furthermore, Judge Garner allows Ms. May to relocate 700 miles away and then uses this as an excuse to deny modification of the protective order. Again, you can't have it both ways.

Page 6 Judge Garner noted he "wasn't the one who originally presided over the DV Case, but he did extend the protective orders a few times". "The State has an interest when parties can't agree".

Review: I have the letter from the beginning of this matter that Ms. May wrote "you will never get 50/ 50 shared custody". In Ms. May's DV Petition the court noted no threats or violence noted in her DV Petition or her submitted text messages". The DV Case was then Dismissed.

In the Parenting Case, Ms. May was awarded sole custody and decision making of T.C. when the allegations of being obsessed, erratic, irrational, paranoid, unsafe, hurting T.C's development and making it difficult to perform his evaluation were unfounded by the submitted medical records. The court noted no threats or violence noted in the Domestic Violence Petition submitted by Ms. May.

What is the state's interest that supports sole custody and decision making for Ms. May?

"The traditional presumption that the parents act in the best interests of their child should apply.", Parham v. J.R., 442 U.S. 584 (1979), https://supreme.justia.com/cases/federal/us/442/584/

Troxel v. Granville, 530 U.S. 57 (2000); "There is a fundamental right under the Fourteenth Amendment for a parent to oversee the care, custody, and control of a child.", https://supreme.justia.com/cases/federal/us/530/57/

Page 8. " Mr.Collier did not deny authoring the emails or making the phone call statements". I did not consent either. Page 5 noted "Rules of Evidence do not apply".
This is not a criminal court and evidence does not apply. No text messages were ever submitted as evidence to support meeting the elements of harassment.
History shows Judge Garner's misconceptions of the rules of evidence and how they are applied appears to only favor Ms. May.

Page 9 "Mr. Collier's disagreement with those orders does not permit him to ignore them". State v Small,  150 NH 457 (2004)

Review: Circuit Court Family Division is neither a Constitutional or Criminal Court. It is an Administrative hearing and not judicial in nature. See Also Madbury V Madison 1803 "any law repugnant to the Constitution is null and void". I did not break any law therefore it is my responsibility to ignore any and all unlawful administrative orders.

Page 10 "No Capias Ordered. Order legal fees and travel expenses for Ms. May to be paid by Mr. Collier".

Page 11 " This is a Final Order and subject to appeal " SIgned Michael Garner.

Review: I appealed my parenting plan twice to the NH Supreme Court.  I also submitted a Writ of Centouri to NH Supreme Court. All three of these were previously denied. Evidence is not applied to the parenting cases or domestic violence cases per NH Family Division Rule 2.2. If this order is subject to appeal, and the court refuses to use evidence to support their findings, what good is a fourth attempt to appeal?  Judge Garner told Ms. May she had to be present in the courtroom to hear her motion for capias. I did not get arrested, therefore I am not responsible for her expenses. Again, this is not a criminal court. No sanctions can be levied against me.

## ALSO NOTE THIS TIMELINE FOR "Judicial Complaints" (x3) mentioned herein:

08/29/2014, Filed Ethics Complaint, with State of NH Executive Branch, Ethics Committee;

08/30/2014, Complaint to NH Admin Judge Kelly, to investigate Laconia Family Court and their findings in reference to our hearings;

Filed with NHJCC:
06/05/2014, 1st complaint filed, jc-14-031-G;

08/11/2014, complaint jc-14-0313-G dismissed;
09/17/2014, reconsideration of dismissal filed;
11/17/2014, reconsideration denied;

09/16/2015, Filed Redress of Grievance; NH House of Representatives.

11/03/2017, 2nd complaint filed, jc-17-057-G, acknowledge receipt of cover letter with supporting documents;
12/11/2017, Voted to dismiss complaint, jc-17-057-G;

06/15/2020, 3rd complaint filed, jc-20-031-G, acknowledgment of cover sheet and supporting documents;
07/13/2020, jc-20-031-G, alleged misconduct complaint Dismissed;

07/30/2020, "Judicial Conduct Complaint_July_30,2020_Re-JC-20-031-G", filed;
9/14/2020, reconsideration of jc-20-031-G denied;

11.28.2020, Letter to NH Supreme Court, regarding prev. Complaints_nhjcc2020, sent;
11/30/2020, filed motion for "Reconsideration" of 6/15/20 complaint, jc-20-031-G;
12/02/2020, acknowledge of receipt of second request for reconsideration;
01/11/2021, reconsideration of jc-20-031-G Denied;
If this JCC noted they don't have jurisdiction over Administrative Court Judges, (recent new evidence acquired) why acknowledge receipts and dismissals Gaslighting "We the People". 01/25/2021, Formal Complaint to Admin Judge Keating, against Michael Garner of Laconia family Court, for "interject[ing] law into medicine", as stated in said complaint. This complaint includes hypothetical order(s) (without supporting evidence) / findings, as well contradicting medical records.

_____

Verdict Hamp, Kenneth Wayne V Herron, Steven Karl Et Al Jury awards \$21.3M in damages in Colorado custody dispute involving false abuse allegations:
https://trellis.law/case/8107/2020cv030070/hamp-kenneth-wayne-v-herron-steven-karl-et-al
https://trellis.law/doc/197723986/complaint-amended-related-document-second-amended-verifie
d-complaint-jury-demand
https://www.lawweekcolorado.com/article/top-verdicts-2023/
Three (3) years without care, custody, or control over their own children because of false allegations.
Eleven (11) years without care, custody, or control over my child.

These victims were awarded compensation \$20m forThree (3) years of losing their parenting rights. Eleven (11) years noted here in my case without parenting time. This case precedent implemented into my case could surpass \$60m in compensation.

**Hogan v. Cherokee County:**
"In sum, the Court concludes that the evidence presented at trial is more than adequate to support an award of damages for the mental and emotional distress incurred by the Plaintiffs over the course of their 13 months of separation. The Court further concludes that the \$1.5 million awarded to Brian and the \$3.1 million awarded to H.H. is not an excessive amount of compensation for their injuries. Accordingly, the Defendants' Motion for New Trial Nisi Remittitur is denied." https://casetext.com/case/hogan-v-cherokee-cnty-11

plaintiff must demonstrate "that such distress did in fact occur and that its cause was the constitutional deprivation itself and cannot be attributable to other causes." Price v. City of Charlotte (1996): https://casetext.com/case/price-v-city-of-charlotte

"The testimony cannot rely on conclusory statements that the plaintiff suffered emotional distress or the mere fact that that plaintiff was wronged. Id. Rather, it must indicate with specificity "how [the plaintiff's] alleged distress manifested itself." Id. The plaintiff must also "show a causal connection between the violation and her emotional distress." "Here, the Plaintiffs presented ample evidence of the specific mental and emotional distress that they both suffered as a proximate result of the Defendants' actions. H.H. testified…" Columbia Colleton Med. Ctr., 290 F.3d at 653." Bryant v. Aiken Reg. Med. Ctr. Inc. 2003:
https://casetext.com/case/bryant-v-aiken-regional-medical-centers-inc

From Casetext: Smarter Legal Research

**Hogan v. Cherokee Cnty.**

United States District Court, W.D. North Carolina, Asheville Division
Feb 23, 2022
CIVIL 1:18-cv-00096-MR-WCM

BRIAN HOGAN, both on his own behalf and as representative of all unnamed class members who are similarly situated; BRIAN HOGAN, as parent and next friend of H.H., both on her own behalf and as representative of all unnamed class members who are similarly situated, Plaintiffs, v. CHEROKEE COUNTY; CHEROKEE COUNTY DEPARTMENT OF SOCIAL SERVICES; SCOTT LINDSAY, both in his individual capacity and official capacity as attorney for Cherokee County Department of Social Services; CINDY PALMER, in both her individual capacity and her official capacity as Director of Cherokee County Department of Social Services; DSS SUPERVISOR DOE #1; and DSS SOCIAL WORKER DOE #1, Defendants.

MARTIN REIDINGER, CHIEF UNITED STATES DISTRICT JUDGE
ORDER
THIS MATTER is before the Court on the Defendants' Motion for New Trial Nisi Remittitur [Doc. 157].

I. BACKGROUND
This action arises out of the Defendants' use of an extra-judicial custody agreement that resulted in the wrongful removal of Plaintiff H.H. from the custody of her father, Plaintiff Brian Hogan. The Plaintiffs asserted claims pursuant to 42 U.S.C. § 1983 for the deprivation of their procedural and substantive due process rights, as well as various state law claims. Following a four-day trial, a jury determined that the Defendants Scott Lindsay and Cindy Palmer violated the Plaintiffs' substantive and procedural due process rights through the employment of an unlawful Custody and Visitation Agreement (CVA); that an official policy, practice, or custom of Cherokee County was the moving force behind these violations; and that Cherokee County failed to adequately train its employees, which resulted in the violation of the Plaintiffs' constitutional rights. [See Doc. 140]. The jury further found that Defendants Lindsay and Palmer acted in a grossly negligent manner, thereby causing the Plaintiffs' injury, and that Defendants Lindsay and Palmer both obstructed justice with respect to both Plaintiffs. [Id.]. The jury awarded Brian Hogan $1.5 million and H.H. $3.1 million in compensatory damages. [Id.]. Based on the jury's factual findings, the Court entered a Judgment in favor of the Plaintiffs on June 21, 2021. [Doc. 147].

..."Case summary:
https://casetext.com/case/hogan-v-cherokee-cnty-11
Order on Motion for New Trial — Document #167:
https://www.courtlistener.com/docket/6365748/167/hogan-v-cherokee-county/

Docket:
https://www.courtlistener.com/docket/6365748/hogan-v-cherokee-county/
Initial complaint:
https://www.courtlistener.com/docket/6365748/1/1/hogan-v-cherokee-county/

Owen v. City of Independence. "The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury."
https://supreme.justia.com/cases/federal/us/445/622/

Punitive and Compensatory Damages: based on the Hogan Case at $300/hr for every hour away from son (See on pg37: Hogan v. Cherokee County.), from date escorted out of home, 12/13/2012, until present, 01/10/2024, makes 11 years and 27 days, 365x11=4015 so 4030 days x24hrs x$325= $31,527,600.00
190x52x10= $90,000.00 Child support illegally ordered (date of order);
$10,000.00 in unlawful attorney/ Legal fees ordered (date of order);
Total Compensatory relief; $31,534,000.00;

12/13/12 to 04/25/2024: 11 years 8 months, 12 days @ $325.00 / hr Tarbell & Brodich hourly fee) $33,282,600.00

The Colorado custody dispute listed prior supersede this Hogan case for compensation.

## INJUNCTIVE RELIEF:
This Plaintiff also demands for this court to issue "declarative relief" and "injunctive relief" and fulfill its duty not to "neglect to prevent" any and every law, rule, etc., hereby shown to be "to the Contrary" of "fundamental principles" of "the supreme Law of the Land" and "common law" as explained herein
.

WHEREFORE, the Plaintiff respectfully requests that the Court:

A. Clearly explain "fundamental principles" of "common law" and "the supreme Law of the Land", on the public record for all Courts of Law in the State of New Hampshire to correct themselves;

B. Clearly explain "parental rights" and requirements for "probable cause" to "infringe" the rights to Privacy, and for both parents to equally raise their child(ren) as they see fit;

C. Clearly explain how all "searches and seizures" and "criminal prosecutions" (US.Const) done without "probable cause" to accuse the "Defendant" of an actual "crime" against the equal individual rights of one or more other Human being(s), is "deprivation of rights under color of law" and/or Color of Law Abuse;

D. Clarify the requirements and limitations of said "Rooker-Feldman Doctrine" as outlined in Behr v. Campbell, such as the requirement to address ALL of a Plaintiff's Claims, one at a time, on a "claim-by-claim" basis, and not to dismiss entire cases based upon such a "Doctrine" without even actually addressing each and every one of a Plaintiff's claims;

E. And to grant such other and further relief as is just and equitable.